Ronald ALCOTT, Appellant,

v.

The STATE of Texas, Appellee.

No. 10–97–336–CR.

Court of Appeals of Texas,
Waco.

Nov. 17, 1999.

Rehearing Overruled March 8, 2000.

Discretionary Review Granted
Sept. 13, 2000.

Debbie S. Holmes, Staff Atty., State Counsel for Offenders, Huntsville, for appellant.

Robert W. Gage, County/District Atty., Fairfield, for appellee.

Before Chief Justice DAVIS, Justice VANCE, and Justice GRAY.

## O P I N I O N

TOM GRAY, Justice.

While in prison, Ronald Alcott threatened a fellow inmate with a hand-made sharp object. After guards were alerted, Alcott went back to his cell where he was found with the object in his hand. Alcott presented testimony at trial that he had psychiatric problems and that his medication had been adjusted at the time of the

incident. He was convicted of possession of a deadly weapon in a penal institution. To enhance the sentence, the State alleged Alcott had four prior final felony convictions. After finding two or more of the alleged felony convictions to be true, the jury set his punishment at life in prison. Alcott challenges the trial court's judgment in two issues. We affirm the judgment.

## COMPETENCY

We first discuss Alcott's second issue where he contends that the trial court erred in failing to conduct a hearing because he appeared to be incompetent during the punishment phase of his trial. TEX.CODE CRIM. PRO. ANN. art. 46.02 § 2(b) (Vernon 1979). Because the evidence did not raise a "bona fide"[1] doubt as to Alcott's competence, we overrule this issue.

### APPLICABLE LAW

■ A person is incompetent to stand trial if he does not have "(1) sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding; or (2) a rational as well as factual understanding of the proceedings against him." TEX.CODE CRIM. PRO. ANN. art. 46.02 § 1(a) (Vernon 1979). A defendant is presumed to be legally competent unless proved incompetent by a preponderance of the evidence. TEX.CODE CRIM. PRO. ANN. art. 46.02 § 1(b) (Vernon 1979). It is well-settled that the conviction of one who is legally incompetent to stand trial violates due process of law. *Thompson v. State*, 915 S.W.2d 897, 901 (Tex.App.—Houston [1st Dist.] 1996, pet. ref'd). Likewise, a defendant must be competent at the time of his sentencing to be sentenced. TEX.CODE CRIM. PRO. ANN. art. 42.07 (Vernon Supp.1999); *Casey v. State*, 924 S.W.2d 946, 949 (Tex.Crim.App.1996).

---

1. We recognize that the phrase "bona fide" is a term of art. It has been criticized when describing the quality of a judge's doubt, and it has been suggested that the phrase should be interpreted as "sufficient" or "real" doubt.

See BRYAN A.GARNER, A DICTIONARY OF MODERN LEGAL USAGE 113 (2 nd ed.1995); *see also Mata v. State*, 632 S.W.2d 355, 358 (Tex.Crim.App. 1982).

During any part of a trial, evidence of a defendant's incompetency from any source can be brought to the trial court's attention. TEX.CODE CRIM. PRO. ANN. art. 46.02 § 2(b) (Vernon 1979); *Mata v. State*, 632 S.W.2d 355, 357 (Tex.Crim.App.1982); *Rodriquez v. State*, 816 S.W.2d 493, 495 (Tex.App.—Waco 1991, pet. ref'd). When evidence of incompetency during the trial process is produced, then the court must conduct an inquiry, referred to as a "Section 2(b) inquiry," outside the presence of the jury to determine whether or not there is evidence to support a finding of incompetency to stand trial. TEX.CODE CRIM. PRO. ANN. art. 46.02 § 2(b) (Vernon 1979). The critical question for our analysis is, what quantum of evidence must be brought to the trial court's attention to initiate a Section 2(b) inquiry. *Mata*, 632 S.W.2d at 357–358; *Thompson*, 915 S.W.2d at 901. There is no easy litmus test for answering this question, and each incident is examined on a case by case basis. *Mata*, 632 S.W.2d at 358, 359; *Thompson*, 915 S.W.2d at 902.

Before the trial court must conduct a Section 2(b) inquiry, the evidence must raise a bona fide doubt as to the competency of the defendant. *Collier v. State*, 959 S.W.2d 621, 625 (Tex.Crim.App. 1997); *Mata*, 632 S.W.2d at 358. Evidence that raises a bona fide doubt is evidence that causes real doubt in the judge's mind as to the defendant's competency. *Mata*, 632 S.W.2d at 358. In other words, the evidence must cause the trial court to have real doubt that the defendant has a sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding or a real doubt that the defendant possesses an understanding of the proceedings against him. *Id.* at 359; *Rice v. State*, 991 S.W.2d 953, 957 (Tex. App.—Fort Worth 1999, pet. ref'd). The mere fact that a defendant has been treated by a psychiatrist does not constitute evidence of present incompetency to stand trial. *Thompson*, 915 S.W.2d at 902; *Gil-*

*bert v. State*, 852 S.W.2d 623, 627 (Tex. App.—Amarillo 1993, no pet.).

## EVIDENCE RAISED

Alcott argues the trial court had sufficient evidence to warrant a Section 2(b) inquiry. He contends that his witness, Dr. Ronald Massey, contributed to that evidence by testifying about Alcott's various mental defects and the medications he was prescribed. Dr. Massey had been appointed by the trial court to evaluate Alcott's competency to stand trial pursuant to a request by Alcott's attorney. No motion to determine competency was filed. Dr. Massey testified during the guilt/innocence phase of the trial. Nothing in the doctor's testimony suggested that Alcott could not communicate with his lawyer or did not understand the proceedings against him. In fact, Dr. Massey testified that Alcott was competent.

Alcott also points to his inability to enter a plea of true or not true to the enhancement paragraphs at the start of the punishment phase of his trial as additional evidence to trigger a Section 2(b) inquiry. He states in his brief that the trial court and the prosecutor obviously thought he was incompetent to enter a plea. Contrary to Alcott's assertions, the record is devoid of what anyone thought of his competency. After the trial court asked for a plea of true or not true, Alcott's counsel commented that she did not know whether he understood or remembered the allegations. The prosecutor merely suggested that the court enter a plea of not true. This exchange does not indicate a lack of competency. The absence of a present memory of a prior conviction does not indicate Alcott was unable to consult with his lawyer with a reasonable degree of rational understanding or create a real doubt that Alcott possessed an understanding of the proceedings against him.

Lastly, Alcott suggests that his outburst during the testimony of a State witness at punishment, in combination with the other facts, was enough to raise a bona fide

doubt as to his competence. We disagree. During the testimony of a State's witness, Alcott interjected that he had tried to kill himself and that he had sought help, but no one would help. While not proper courtroom decorum, Alcott's outburst was in response to testimony about a scar on the inside of his left wrist as an identification mark for the purpose of introducing the pen packets of Alcott's prior felony convictions. This outburst does not raise a bona fide doubt as to his competency. *See Moore v. State,* 999 S.W.2d 385, 395 (Tex. Crim.App.1999).

Alcott participated in decision making during his trial and did not have any questions of the court when it came time to be sentenced. If silence at the enhancement plea and an outburst during punishment testimony raised a bona fide doubt as to Alcott's competency, then any defendant could act unruly or remain silent simply to avoid criminal justice. *See id., citing Burks v. State,* 792 S.W.2d 835 (Tex. App.—Houston [1st Dist.] 1990, pet. ref'd). Based on the record, a bona fide doubt was not raised as to Alcott's competency, and the trial court did not err in failing to hold a Section 2(b) inquiry.

## MOTION FOR NEW TRIAL

In his first issue, Alcott complains that the trial court should have granted his request for a hearing on his motion for new trial because it was timely filed, timely presented and alleged facts which indicated a new trial would be appropriate. Because his supporting affidavit does not allege reasonable grounds necessary to grant relief, we overrule this issue.

### APPLICABLE LAW

■ A defendant does not have an "absolute right" to a hearing on a motion for new trial. *Reyes v. State,* 849 S.W.2d 812, 815 (Tex.Crim.App.1993); *Mendoza v. State,* 935 S.W.2d 501, 503 (Tex.App.— Waco 1996, no pet.). While a hearing may be necessary to develop issues raised in a motion for new trial, an unrestricted requirement of holding hearings on matters not determinable from the record could lead to "fishing expeditions." *Reyes,* 849 S.W.2d at 816; *Mendoza,* 935 S.W.2d at 503. As a prerequisite to a hearing, the motion for new trial must be supported by affidavit of the accused or someone else *specifically showing* the truth of the grounds alleged as a basis for a new trial. *Reyes,* 849 S.W.2d at 816. A defendant must assert in this affidavit reasonable grounds for relief which cannot be determined from the record. *Jordan v. State,* 883 S.W.2d 664, 665 (Tex.Crim.App.1994); *Mendoza,* 935 S.W.2d at 503. Affidavits which are conclusory in nature and unsupported by facts are not sufficient to put the trial court on notice that reasonable grounds for relief exist. *Jordan,* 883 S.W.2d at 665. If the defendant's motion and affidavit are sufficient, a hearing on the motion is mandatory. *Id.; Reyes,* 849 S.W.2d at 816.

### GROUNDS SHOWN

■ Alcott timely filed a motion for new trial. In it, he argued he should have a new trial because he was denied his mental health medication immediately prior to trial and was unable to testify on his own behalf. He also urged that his bad behavior during punishment was a result of his insufficient medication. He concluded that this negatively affected the outcome of his trial and that he should be granted a new trial. Lastly, he argued that a witness who would testify regarding Alcott's lack of competence at the time of the offense was present to testify, but because no one informed his defense counsel of this fact, she allowed the jury to be dismissed for the day without hearing from this witness. The witness could not be present for the next day's testimony.

No affidavit was filed in support of these allegations. There was only a verification from Alcott's counsel attached to the motion. It read, in relevant part:

"... I prepared the foregoing DEFENDANT'S MOTION FOR NEW TRIAL.

I have personal knowledge of facts presented in this motion and they are true and correct.["]

This is not the type of affidavit contemplated that would specifically show the truth of the grounds asserted or that would show reasonable grounds for relief. An affidavit much more detailed has been found by the Court of Criminal Appeals to be insufficient. *See Jordan,* 883 S.W.2d at 665, 666; *Cf. Mendoza,* 935 S.W.2d at 502–503. Therefore, we do not consider the verification attached to Alcott's motion as a supporting affidavit because it lacks sufficient detail to put the trial court on notice that reasonable grounds for relief exist, and a hearing on the motion was not mandatory. The trial court did not err in denying a hearing on the motion for new trial.

## CONCLUSION

Having overruled Alcott's two issues, we affirm the trial court's judgment.