Donald Lynn Price v. State















IN THE
TENTH COURT OF APPEALS
 

No. 10-01-155-CR

Â Â Â Â Â DONALD LYNN PRICE,
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Appellant
Â Â Â Â Â v.

Â Â Â Â Â THE STATE OF TEXAS,
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Appellee
 

From the 13th District Court
Navarro County, Texas
Trial Court # 27530
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 
O P I N I O N
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 

Â Â Â Â Â Â Donald Lynn Price appeals his conviction for robbery. He was sentenced to 10 yearsâ
confinement. Price raises a single point of error for our review, i.e., the trial court erred by not
impaneling a jury to determine whether he is competent to stand trial. Finding no error, we will
affirm.
FACTUAL AND PROCEDURAL BACKGROUNDIn February 2000, Donald Lynn Price pled nolo contendere to the charge of robbery, a second
degree felony. Tex. Pen. Code Ann. Â§ 29.02 (Vernon 1994). The trial court received Priceâs
guilty plea and admitted into evidence a recitation of the facts which supported the conviction. 
According to that evidence, on January 7, 2000, Price assaulted Thomas Lewis while committing
theft. The court sentenced him to 10 yearsâ confinement and a $1,000 fine. But the court
suspended Priceâs imprisonment and placed him on community supervision.
Â Â Â Â Â Â In September 2000, the State filed a motion to revoke community supervision for failure to
pay monthly probation fees and court costs and for not reporting to his probation officer for four
consecutive months. In April 2001, the court held a hearing on the motion, and Price pled not true
to the allegations. The court found the allegations to be true, revoked Priceâs community
supervision, and sentenced him to 10 yearsâ confinement. Price then brought this appeal arguing
that the trial court erred by not granting a hearing to determine his competency.
DISCUSSIONStandard of Review
Â Â Â Â Â Â The standard of review is whether the trial court abused its discretion by failing to impanel
a jury for the purpose of conducting a competency hearing. Moore v. State, 999 S.W.2d 385, 393
(Tex. Crim. App. 1999) (citing Garcia v. State, 595 S.W.2d 538, 542 (Tex. Crim. App. [Panel
Op.] 1980)).
Applicable Law
Â Â Â Â Â Â Article 46.02 contains provisions concerning a defendantâs competency to stand trial. Tex.
Code Crim. Proc. Ann. art. 46.02 (Vernon 1979 & Supp. 2002). There are no separate
provisions for revocation hearings. A community supervision revocation hearing is neither a
criminal or civil trial, but rather an administrative hearing. Cobb v. State, 851 S.W.2d 871, 873
(Tex. Crim. App. 1993); Becker v. State, 33 S.W.3d 64, 65 (Tex. App.âEl Paso 2000, no pet.
h.). Nevertheless, the courts apply the provisions of article 46.02 to revocation hearings. E.g.,
Casey v. State, 924 S.W.2d 946, 947-48 (Tex. Crim. App. 1996); Reeves v. State, 46 S.W.3d
397, 399-400 (Tex. App.âTexarkana 2001, pet. dismâd).
Â Â Â Â Â Â A person is incompetent to participate in a revocation hearing if he does not have â(1)
sufficient present ability to consult with [his] lawyer with a reasonable degree of rational
understanding; or (2) a rational as well as factual understanding of the proceedings against the
[him].â Tex. Code Crim. Proc. Ann. art. 46.02, Â§ 1A(a) (Vernon Supp. 2002). Section 2 of
article 46.02, entitled âRaising the Issue of Incompetency to Stand Trial,â describes when a
hearing is to be held by the trial court to determine if a hearing before a jury should be held to
determine competency. It reads:
(a) The issue of the defendantâs incompetency to stand trial shall be determined in
advance of the trial on the merits if the court determines there is evidence to support a
finding of incompetency to stand trial on its own motion or on written motion by the
defendant or his counsel filed prior to the date set for trial on the merits asserting that the
defendant is incompetent to stand trial.
Â 
(b) If during the trial evidence of the defendantâs incompetency is brought to the attention
of the court from any source, the court must conduct a hearing out of the presence of the
jury to determine whether or not there is evidence to support a finding of incompetency
to stand trial.

Id. art. 46.02, Â§ 2(a), (b) (Vernon 1979) (emphasis added).
Â Â Â Â Â Â Neither Price nor his defense counsel filed a motion prior to the revocation hearing asserting
that Price was incompetent to participate in the proceedings. Accordingly, the issue of Priceâs
competency could have only been raised during the hearing itself. Thus, section 2(b) of article
46.02 controls this case.
Â Â Â Â Â Â The Court of Criminal Appeals recently discussed section 2(b) in Alcott v. State, 51 S.W.3d
596 (Tex. Crim. App. 2001). Due process precludes an incompetent person from being brought
to trial. Id. at 598 (citing Drope v. Missouri, 420 U.S. 162, 171-72, 95 S.Ct. 896, 903-04, 43
L.Ed.2d 103 (1975)). The Court drew a distinction between a âcompetency inquiryâ and a
âcompetency hearing.â Id. at 601. Section 2(b) refers to a âcompetency inquiry,â which is a
proceeding, either sua sponte or based on a motion, conducted by the trial court, out of the
presence of the jury, to determine if a âcompetency hearingâ before a jury must be held to
determine if the defendant is competent to stand trial. Id. The trial court must conduct a
âcompetency inquiryâ only if there is evidence sufficient to create a bona fide doubt in the judgeâs
mind about the defendantâs competency to stand trial. Id. If so, then in conducting the
âcompetency inquiry,â the trial court must decide if there is âsome evidenceâ to support a jury
finding of incompetency to stand trial; if there is, the court must hold a âcompetency hearingâ
before a jury. Id.; Tex. Code Crim. Proc. Ann. art. 46.02, Â§ 4(a) (Vernon Supp. 2002).
Â Â Â Â Â Â A bona fide doubt is measured by whether the evidence raises a doubt that the defendant âhas
a sufficient present ability to consult with his lawyer with a reasonable degree of rational
understanding or . . . possesses an understanding of the proceedings against him.â Alcott v. State,
26 S.W.3d 1, 3 (Tex. App.âWaco 1999), affâd, 51 S.W.3d 596 (Tex. Crim. App. 2001) (citing
Mata v. State, 632 S.W.2d 355, 358-59 (Tex. Crim. App. 1982)). â[Evidence raising a bona fide
doubt] need not be sufficient to support a [juryâs] finding of incompetence and is qualitatively
different from such evidence.â Alcott, 51 S.W.3d at 599 n.10 (quoting Mata, 632 S.W.2d at
358). Evidence of (1) recent severe mental illness, (2) at least moderate retardation, or (3) truly
bizarre acts by the defendant are generally sufficient to create a bona fide doubt. Id. However,
evidence of the fact that a defendant has been treated by a psychiatrist, standing alone, is
insufficient to create a bona fide doubt. Alcott, 26 S.W.3d at 3.
Analysis
Â Â Â Â Â Â As already noted, once the âtrialâ has begun, a competency inquiry is required only if
evidence from any source comes to the trial courtâs attention which raises a bona fide doubt in the
trial judgeâs mind about the defendantâs competency. Alcott, 51 S.W.3d at 601; Collier v. State,
959 S.W.2d 621, 625 (Tex. Crim. App. 1997). Evidence sufficient to create a bona fide doubt
would tend to show recent severe mental illness, at least moderate retardation, or truly bizarre acts
by the defendant. Collier, 959 S.W.2d at 625; Reeves, 46 S.W.3d at 399. âOnly if such a bona
fide doubt exists need the [trial] court conduct [a competency] inquiry, and only after such inquiry,
does the second clause of Section 2(b) operate, requiring the judge to determine whether there is
âevidence sufficient to support a finding of incompetencyâ and, if so, to commence a competency
hearing before a jury.â Alcott, 51 S.W.3d at 601.
Â Â Â Â Â Â Priceâs brief relies on Sisco v. State, 599 S.W.2d 607 (Tex. Crim. App. 1980), as support for
his claim that the court was required to hold a competency hearing before a jury. In Sisco, the
Court of Criminal Appeals held that when an appellate court reviews a trial courtâs decision to not
impanel a jury for a competency hearing, the proper inquiry is: does the evidence raise the issue
for submission to a jury when viewed âin the light most favorable to the party with the burden of
securing the finding, disregarding contrary evidence and inferences?â Sisco, 599 S.W.2d at 612.
Â Â Â Â Â Â Priceâs reliance on Sisco, however, is misplaced, and its holding is not applicable here. As
the Court of Criminal Appeals made clear in Alcott, the Sisco standard applies only when the trial
court has already held a competency inquiry but has refused to impanel a jury to decide the issue,
because the court found no âevidence sufficient to support a finding of incompetency.â Alcott,
51 S.W.3d at 601; Tex. Code Crim. Proc. Ann. art. 46.02 Â§ 2(b). The issue in Priceâs case is
whether there was sufficient evidence produced during the revocation hearing which should have
created a bona fide doubt in the trial judgeâs mind about his competency and, therefore, required
the judge to conduct a competency inquiry. Alcott, 51 S.W.3d at 601.
Â Â Â Â Â Â After a review of the record, we find that Priceâs own testimony demonstrates his
understanding of the purpose of the hearing as well as the consequences of the trial courtâs
decision to revoke his community supervision. Both Priceâs defense counsel and the prosecutor
asked Price a series of questions concerning his reasons for failing to pay the probation fees and
court costs and about his opinion as to why the court should not grant the Stateâs motion. Price
communicated his responses to the attorneys with ease, and his answers demonstrate his
knowledge of the proceedings. At the end of the hearing, the trial court expressly found that âno
issue of competency has been raised.â Thus, we find that there was not sufficient evidence
presented to the trial judge such that a bona fide doubt could have been created in his mind
concerning Priceâs competency. Alcott, 51 S.W.3d at 601. There was evidence, however, that
Price had been diagnosed with depression and had been taking medication for it, but that is not
evidence of severe mental illness, moderate retardation, or truly bizarre acts which would create
bona fide doubt. Collier, 959 S.W.2d at 625. Accordingly, the trial court did not abuse its
discretion by not initiating a competency inquiry. Moore, 999 S.W.2d at 393. Priceâs sole point
of error is overruled.
CONCLUSION
Having overruled Priceâs issue on appeal, we affirm the judgment.
Â 
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â BILL VANCE
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Justice

Before Chief Justice Davis,
Â Â Â Â Â Â Justice Vance, and
Â Â Â Â Â Â Justice Gray
Affirmed
Opinion delivered and filed May 1, 2002
Do not publish
[CR25]



rs left arm.Â  These appeared to be defensive wounds.Â 
Photographs 39 and 40 depict a laceration between TaylorÂs thumb and first
finger.Â  This also appeared to be a defensive wound.Â  Photograph 41 depicts
lacerations to the left side of TaylorÂs neck and his left ear.Â  Photographs 42
and 43 depict multiple lacerations to the left side of TaylorÂs scalp and
forehead.Â  Photograph 44 depicts the laceration to TaylorÂs back between his
shoulder blades.Â  Erdner was concerned that this wound may have punctured a
lung.

Â Â Â Â Â Â Â Â Â Â Â  Again, we presume that these were
color photographs at trial.Â  They are approximately 8.5Â x 11Â in size.Â  Blood
is visible on TaylorÂs face, ears, arm, hand, neck, head, and back, as well as
some towels that appear in a few of the photographs.Â  They are all close-ups
and are the only photographs of TaylorÂs injuries.

Â Â Â Â Â Â Â Â Â Â Â  Only four pages of the record were
devoted to ErdnerÂs descriptions of the photographs.Â  They assisted ErdnerÂs
descriptions of TaylorÂs injuries and his opinions regarding which injuries
were defensive in nature.Â  Thus, they are Âhighly probative to show the full
extent of the injuriesÂ Taylor suffered at the hands of Young, who had claimed self-defense.Â 
Gallo, 239 S.W.3d at 763.Â  That the photographs
accompany ErdnerÂs testimony does not make them either cumulative or less
probative.Â  See Chamberlain, 998 S.W.2d at 237; see also
Gallo, 239 S.W.3d at 762 (ÂGenerally, a photograph
is admissible
if verbal testimony
as to matters depicted in the photograph
is also admissibleÂ and verbal testimony does not reduce the relevance of
visual evidence). Â Moreover, Taylor testified about the injuries he
received during the attack and explained that scars remained from those
injuries.

The photographs do not have the potential
to impress the jury in some irrational, but indelible way.Â  They merely reflect the result of YoungÂs own actions and Âwhat verbal testimony properly described.ÂÂ  Saldano,
232 S.W.3d at 101-02.Â  Like the autopsy photographs, they are Âno more gruesome than would be expected.ÂÂ  Gallo,
239 S.W.3d at 763; see Chamberlain, 998 S.W.2d at 237.




Conclusion

In summary, we conclude that the trial court did
not abuse its discretion by admitting the complained of photographs, as their
probative value was not outweighed by the danger of unfair prejudice.Â  We
overrule YoungÂs sole issue and affirm the judgment.

Â 

Â 

FELIPE REYNA

Justice

Before Chief Justice
Gray,

Justice
Vance, and

Justice
Reyna

Affirmed

Opinion delivered and
filed September 17, 2008

Do not publish

[CRPM]









[1] Â Â Â Â Â Â Â Â Â Â Â Â Â  Although YoungÂs issue asserts due process and due course of law
violations, his argument concerns the admissibility of the photographs under
the Rules of Evidence.