COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-02-434-CR

JAMES ALLEN BLACKBURN APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE 396
TH
 DISTRICT COURT OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)
------------

I.  Introduction

Appellant, James Allen Blackburn, appeals his conviction for possession of child pornography, raising four issues.  Blackburn claims: 1) that Texas Penal Code section 43.26 is unconstitutionally vague and overbroad; 2) that he was denied effective assistance of counsel at the time he entered his plea of guilty, rendering his plea involuntary; 3) that he was denied due process of law, rendering his plea involuntary; and 4) that the trial court abused its discretion by refusing to conduct a hearing on his motion for new trial.  We will affirm.

II.  Background Facts

Blackburn was charged with possession of child pornography in violation of section 43.26 of the Texas Penal Code.  He entered an open plea of guilty to the charged offense and pleaded true to the felony repetition enhancement allegations included in the indictment.  The trial court accepted Blackburn’s plea and sentenced him to twenty years’ confinement.  Blackburn filed a motion for new trial, alleging that the statute under which he had been prosecuted was unconstitutional and that he had been denied effective assistance of counsel.  The motion was overruled by operation of law.

III.  Penal Code Section 43.26

In Blackburn’s first point, he claims that section 43.26 of the Texas Penal Code is unconstitutionally vague and overbroad.  He relies upon 
Ashcroft v. Free Speech Coalition
, 535 U.S. 234, 122 S. Ct. 1389 (2002).  In 
Ashcroft
, the Supreme Court held that the Child Pornography Prevention Act of 1996 was vague and overbroad because it extended the federal prohibition of child pornography to sexually explicit images that “appear to” depict minors engaging in sexual conduct, but were actually produced without using any real children.  
Id.
 at 235, 122 S. Ct. at 1396.  Blackburn argues that the Texas child pornography statute is unconstitutional for the same reasons.  

This court has previously rejected these exact constitutional challenges to penal code section 43.26.  
See Webb v. State
, 109 S.W.3d 580, 583 (Tex. App.—Fort Worth 2003, no pet.).  
In 
Webb
, we held that the Texas statute was not unconstitutionally vague or overbroad because it prohibits only pornography depicting actual children.  
Id.
  For the reasons explained in 
Webb, 
we likewise reject Blackburn’s constitutional challenges and overrule his first issue.

IV.  Denial of Motion for New Trial Hearing

In Blackburn’s fourth point, he claims that the trial court erred by refusing to conduct a hearing on his motion for new trial.  Blackburn argues that his verified motion for new trial, which did not have an attached affidavit, raised fact issues that required a hearing.  We disagree.

The purpose of a hearing on a motion for new trial is to allow a defendant an opportunity to develop matters raised in his or her motion that are not determinable from the record and upon which the defendant could be entitled to relief.  
Wallace v. State
, 106 S.W.3d 103, 108 (Tex. Crim. App. 2003); 
Martinez v. State
, 74 S.W.3d 19, 21 (Tex. Crim. App. 2002)
.
  As a prerequisite to a hearing, the motion for new trial must be supported by an affidavit or sworn facts specifically showing the truth of the grounds alleged as a basis for a new trial.  
Daniels v. State
, 63 S.W.3d 67, 70 (Tex. App.—Houston [14
th
 Dist.] 2001, pet. ref’d).  The motion for new trial and accompanying affidavit need not, however, establish a prima facie case showing a right to relief to entitle the defendant to a hearing.  
Wallace
, 106 S.W.3d at 108.  Instead, the sworn facts must merely reflect that reasonable grounds exist for the requested relief.  
Id.
  Affidavits that are conclusory in nature or are unsupported by facts, however, are not sufficient to put the trial court on notice that reasonable grounds for relief exist.  
Jordan v. State, 
883 S.W.2d 664, 665 (Tex. Crim. App. 1994) (holding motion for new trial affidavit insufficient to trigger hearing on defendant’s ineffective assistance of counsel allegation); 
Buerger v. State, 
60 S.W.3d 358, 363 (Tex. App.—Houston [14
th
 Dist.] 2001, pet. ref’d) (same); 
Alcott v. State
, 26 S.W.3d 1, 4 (Tex. App.—Waco 1999) (same), 
aff’d
, 51 S.W.3d 596 (Tex. Crim. App. 2001).  We review the trial court’s denial of Blackburn’s request for a hearing on his motion for new trial under an abuse of discretion standard.  
See
 
Wallace
, 106 S.W.3d at 108; 
Martinez
, 74 S.W.3d at 22.

Blackburn failed to attach an affidavit to his motion for new trial and instead relies upon the verified motion itself to raise a factual issue.  Blackburn’s motion, however, sets forth no facts in support of his contentions that his trial counsel was ineffective or that his plea was involuntary. Blackburn’s motion for new trial allegations concerning the ineffectiveness of his trial counsel and the involuntariness of his plea, in their entirety, are:  “The Defendant was denied the effective assistance of counsel in that his counsel affirmatively mislead him as to material facts and the applicable law so as to get him to enter a plea of Guilty which he would not have otherwise entered.”

Blackburn’s motion for new trial allegations concerning the ineffectiveness of his trial counsel and the involuntariness of his plea are conclusory.  
See
 
Jordan
, 883 S.W.2d at 665 (holding motion for new trial affidavit conclusory because it failed to state reasons "why counsel's investigation was deficient, or what further investigation would have revealed");
 
Buerger, 
60 S.W.3d at 362-63 (holding motion for new trial affidavit conclusory because it swore only, "My attorney did not advise me that a continuance, an objection to the trial judge or a Motion to recuse the Judge could be filed" and "[d]uring these proceedings, I did not receive medication that I regularly took and this prevented me from being fully alert and oriented during these proceedings"); 
Alcott
, 26 S.W.3d at 4-5 (holding attorney’s verification attached to Alcott's motion lacked sufficient detail to put the trial court on notice that reasonable grounds for relief exist).  Blackburn’s motion fails to set forth facts explaining how he was misled, what material facts were misrepresented to him, or how the applicable law was erroneously explained to him.  
See
 
Jordan
, 883 S.W.2d at 665.  Accordingly, it was not sufficient to put the trial court on notice that reasonable grounds for relief existed.  
Id.
  Thus, the trial court did not abuse its discretion when it denied Blackburn’s request for a hearing on his motion for new trial. We overrule Blackburn’s fourth point.

V.  Ineffective Assistance of Counsel

In Blackburn’s second point, he claims that he was denied effective assistance of counsel at the time he entered his plea of guilty, rendering his plea involuntary. We apply a two-pronged test to ineffective assistance of counsel claims.  
Strickland v. Washington
, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984); 
Thompson v. State
, 9 S.W.3d 808, 812 (Tex. Crim. App. 1999).  First, appellant must show that
 his
 counsel's performance was deficient; second, appellant must show the deficient performance prejudiced the defense.  
Strickland
, 466 U.S. at 687, 104 S. Ct. at 2064.

   In evaluating the effectiveness of counsel under the first prong, we look to the totality of the representation and the particular circumstances of each case.  
Thompson
, 9 S.W.3d at 813.  The issue is whether counsel's assistance was reasonable under all the circumstances and prevailing professional norms at the time of the alleged error.  
Strickland
, 466 U.S. at 688-89, 104 S. Ct. at 2065.  “[C]ounsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment.”  
Id. 
at 690, 104 S. Ct. at 2066.  An allegation of ineffective assistance must be firmly founded in the record, and the record must affirmatively demonstrate the alleged ineffectiveness.  
Thompson
, 9 S.W.3d at 814.  Our scrutiny of counsel's performance must be highly deferential, and every effort must be made to eliminate the distorting effects of hindsight.  
Strickland
, 466 U.S. at 689, 104 S. Ct. at 2065.

Blackburn bears the burden of identifying the allegedly erroneous acts and omissions of counsel.  
See
 
Strickland, 
466 U.S. at 690, 104 S. Ct. at 2066.  
As previously mentioned, however, Blackburn alleged in his motion for new trial only that he was misled by his counsel into entering a plea of guilty and that he would not have entered the plea but for his counsel’s actions.  Blackburn likewise fails on appeal to expound upon this alleged misleading conduct or conversation, fails to provide any explanation of how he was misled, and fails to cite to any portion of the record demonstrating any aspect of this complaint.  
Because Blackburn has failed to identify any specific acts or omissions by his trial counsel, we cannot determine whether, in light of all the circumstances, these identified acts or omissions were outside the wide range of competent assistance.  
See
 
id. 
 Blackburn has failed to satisfy the first 
Strickland
 prong of demonstrating 
counsel's assistance was not reasonable under all the circumstances and prevailing professional norms at the time of the alleged error.
 
See
 
Thompson
, 9 S.W.3d at 814.  
We overrule Blackburn’s second point.

VI.  Due Process

In his third point, Blackburn claims that because his counsel was ineffective, he was denied due process of law, which also rendered his plea of guilty involuntary.  Blackburn’s claim that he was denied due process as a result of his counsel’s ineffectiveness fails because he has not established that his trial counsel's assistance was, in fact, ineffective.  
See Ex parte Okere
, 56 S.W.3d 846, 857 (Tex. App.—Fort Worth 2001, pet. ref’d).  We overrule Blackburn’s third issue on appeal.

VII.  Conclusion

Having overruled all of Blackburn’s issues on appeal, we affirm the trial court’s judgment.

SUE WALKER

JUSTICE

PANEL B: DAY, LIVINGSTON, and WALKER, JJ.

DO NOT PUBLISH

Tex. R. App. P. 
47.2(b)

DELIVERED: August 28, 2003

FOOTNOTES
1:
See
 Tex. R. App. P.
 47.4.