In the Matter of JT a Juvenile















IN THE
TENTH COURT OF APPEALS
 

No. 10-03-00314-CV

IN THE MATTER OF J.T., A JUVENILE

 

From the 66th District Court
Hill County, Texas
Trial Court # 1189
                                                                                                                
                                                                                                         
MEMORANDUM OPINION
                                                                                                                

      Appellant has filed a motion to dismiss this appeal “pursuant to Rule [of Appellate
Procedure] 42.2.” However, Rule 42.2 is the rule governing the dismissal of criminal appeals. 
Tex. R. App. P. 42.2. Appeals in juvenile proceedings are governed by the appellate rules for
civil appeals. See Tex. Fam. Code Ann. § 56.01(b) (Vernon 2002). Thus, Rule 42.1
applies. See Tex. R. App. P. 42.1.
 

      Appellant’s motion complies with Rule 42.1(a)(1). Id. 42.1(a)(1). The State has not filed
a response. Accordingly, the appeal is dismissed.


                                                                   PER CURIAM

Before Chief Justice Gray,
      Justice Vance, and
      Justice Reyna
Appeal dismissed
Opinion delivered and filed June 23, 2004
[CV06]



#160;                                                            
O P I N I O N
                                                                                                                

      Pedro Maldanado was indicted for and pled guilty to possession with intent to deliver more
than 4 grams but less than 200 grams of cocaine. Tex. Health & Safety Code Ann. §§
481.102, 481.112(d) (Vernon Supp. 2001). There was no plea bargain. Punishment was assessed
at ten years’ imprisonment and a $1,000 fine. He appeals, asserting that the trial court should
have conducted a hearing on his amended motion for new trial.
      Maldanado was sentenced on August 26, 1999. He timely-filed a motion and subsequent
amended motion for new trial in which he asserts that his guilty plea was involuntary because he
was promised probation by his attorney. He claims his counsel conspired with the trial court and
prosecutor and coerced him into pleading guilty. The amended motion was overruled by operation
of law.
      In his sole issue on appeal, Maldanado asserts that his amended motion for new trial raised
questions about the voluntariness of his plea, i.e., matters not determinable from the record. 
Maldanado claims that the trial court abused its discretion in failing to hold a hearing on his
motion. See Reyes v. State, 849 S.W.2d 812, 816 (Tex. Crim. App. 1993).
      We review a trial court's refusal to hold an evidentiary hearing on a motion for new trial for
an abuse of discretion. Id. The trial court abuses its discretion in denying a hearing on a timely-filed and properly supported motion for new trial if the motion raises a matter outside the record
upon which relief could be granted. Flores v. State, 18 S.W.3d 796, 798 (Tex. App.—Austin
2000, no pet.). The motion must be supported by the affidavit of someone with knowledge of the
facts alleged. Id.
      A defendant's right to an evidentiary hearing on a motion for new trial is not an absolute
right. Mendoza v. State, 935 S.W.2d 501, 503 (Tex. App.—Waco 1996, no pet.). Here, there
is no evidence that Maldanado requested that his motion be set for hearing.


 Oestrick v. State, 939
S.W.2d 232, 235 (Tex. App.—Austin 1997, pet. ref’d). Furthermore, the motion was
accompanied by only the original pro se motion for new trial, and was not supported by affidavit. 
See Jordan v. State, 883 S.W.2d 664, 665 (Tex. Crim. App. 1994); Alcott v. State, 26 S.W.3d
1, 4-5 (Tex. App.—Waco 1999, pet. granted). Moreover, the record reflects that the court asked
Maldanado if he realized that his plea was open, “meaning there is no deal, promise, or
understanding that [Maldanado] would receive any particular outcome.” Maldanado replied,
“Yes, sir.” Thus, the allegations were negated by the record. We cannot say that the trial court
abused its discretion in failing to hold a hearing on a motion for new trial that was not supported
by affidavit when the record fails to reflect that Maldanado requested a hearing on his motion and
when Maldanado’s own testimony contradicts the allegations of the motion. Alcott, 26 S.W.3d
at 4-5. Maldanado’s sole issue for review is overruled.
      The judgment is affirmed. 
 
BOBBY L. CUMMINGS
                                                                         Justice

Before Chief Justice Davis,
      Justice Gray, and
      Justice Cummings (Retired)
Affirmed
Opinion delivered and filed February 28, 2001
Do not publish