REFORMED and AFFIRM; Opinion issued October 31, 2012.



In The

**Court of Appeals**

**Fifth District of Texas at Dallas**

No. 05-11-00237-CR
No. 05-11-00239-CR

**FRANCISCO NOVAS, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 199th Judicial District Court**
**Collin County, Texas**
**Trial Court Cause No.'s 199-82234-08 and 199-82235-08**

# OPINION

Before Bridges, Richter, and Lang
Opinion By Justice Richter

Appellant pleaded guilty to possession of less than one gram of cocaine and delivery of more than 200 grams but less than 400 grams of cocaine. The jury found him guilty and assessed punishment at two years in a state jail facility and twenty-eight years imprisonment, respectively. The judge probated the state jail sentence for two years, but ordered that appellant serve the twenty-eight year sentence for the first degree felony. In two issues on appeal, appellant asserts the trial court erred because it failed to properly admonish him and failed to conduct a hearing on his motion for new trial. In a cross-point, the State requests

that we reform the judgments to correctly reflect the judge presiding over the case at trial. We reform the trial court's judgments, and as reformed, affirm.

## Admonishment

In his first issue, appellant asserts the trial court erred in failing to properly admonish him before accepting his guilty plea. The State agrees there were no admonishments, but contends the error was harmless. We agree with the State.

The Texas Code of Criminal Procedure in effect at the time of appellant's offenses required that a trial court accepting a plea admonish the defendant about (1) the range of punishment, (2) certain legal aspects of a plea-bargain agreement, (3) the effect of a plea-bargain agreement on the defendant's right to appeal, (4) the effect a guilty plea may have on a non-citizen, (5) sex-offender registration requirements for a defendant pleading guilty to certain sex offenses, and (6) the effect of a family violence conviction on the right to possess a firearm. *See* TEX. CODE CRIM. PROC. ANN. art.26.13(a) (West 2007);[1] *Anderson v. State*, 182 S.W.3d 914, 916-17 (Tex. Crim. App. 2006). Article 26.13 admonishments themselves are not constitutionally mandated but rather are designed to assist the trial judge in determining whether a defendant's plea is voluntary, which is constitutionally required. *Aguirre-Mata v. State*, 125 S.W.3d 473, 475-76 (Tex. Crim. App. 2003). Thus, a trial court's failure to admonish a defendant in accordance with Article 26.13 is non-constitutional error subject to a harm analysis under TEX. R. APP. P. 44.2(b). *VanNortrick v. State*, 227 S.W.3d

---

[1] By the time of appellant's plea in 2011, Article 26.13(a)(6) had been deleted by the Legislature for offenses committed after September 1, 2009. Appellant's offenses, however, were committed in 2008. Therefore, the 2007 version of the statute was in effect at the time, and applies to his case.

706, 708 (Tex. Crim. App. 2007). Under this rule, an appellate court must disregard any error that does not affect a defendant's substantial rights. *Id.*

Appellant pleaded guilty to two drug offenses without having any agreement with the State. Therefore, the admonishments relating to family violence, sex offender registration, and plea bargains did not apply to his case. *See e.g., Bessey v. State*, 239 S.W.3d 809, 814 (Tex. Crim. App. 2007) (trial court's failure to admonish regarding sex offender registration was harmless when inapplicable ).

The trial court's failure to admonish appellant concerning the effects of a guilty plea on immigration status was similarly harmless because the record shows he was a United States citizen. *VanNortrick*, 227 S.W.3d at 709; *Splawn v. State*, 949 S.W.2d 867, 876 (Tex. App.—Dallas 1997, no pet.). At the time of trial, appellant was twenty-two years old. In his statement to police, he told the officer he was born in Dallas. His father offered similar testimony at trial. Appellant's father stated that he had been employed by the City of Dallas since appellant was twelve years' old, and lived at his current address in Richardson for the past ten years. Appellant had never lived anywhere other than his parents' home. Therefore, there is ample evidence in the record from which to infer that appellant is an American citizen. As a citizen, his decision to plead guilty could not have been influenced by the threat of deportation. Further, there is nothing in the record to indicate that the absence of an admonishment concerning immigration consequences misled or harmed him. *See Moore v. State*, 278 S.W.3d 444, 449 (Tex. App.—Houston [14th Dist.] 2009, no pet.).

The only admonishment that potentially could have affected appellant's decision to plead guilty was the range of punishment. *See* TEX. CODE CRIM. PROC. ANN. art. 26.13(a)(1). We will not reverse unless the record supports an inference that appellant did not know the consequences of his plea. *See Burnett v. State,* 88 S.W.3d 633, 638 (Tex. Crim. App. 2002). An appellant's substantial rights are not affected by the trial court's failure to admonish him on the range of punishment when the record contains references to the correct punishment range and nothing in the record indicates that the appellant was unaware of the range or misled or harmed by the lack of an admonishment. *Aguirre-Mata,* 125 S.W.3d at 476 –77.

The record reflects that both the prosecutor and defense attorney discussed the range of punishment for the first degree felony during voir dire. The prosecutor also discussed probation, and outlined some of the conditions a judge might impose. Appellant was present in the courtroom and heard all of this information prior to entering his plea.

Appellant's greatest exposure was for the delivery case, a first degree felony. During the punishment phase, appellant testified he understood the range of punishment for the first degree felony was ten to ninety-nine years or life. He also acknowledged his awareness of the fact that the judge could attach any number of conditions to any probated sentence, including 180 days in jail. Appellant never indicated that he did not have this information prior to entering his plea.

With regard to the state jail felony, there is no specific reference in the record as to the punishment range. But the record does reflect that appellant discussed his cases with his attorney; presumably such a discussion would include the potential penalties for the charged

offenses. The maximum penalty he faced for the state jail felony offense was two years in a state jail. *See* TEX. PENAL CODE ANN. § 12.35 (West 2012). In light of the fact that he was aware that he could face life in prison for the first degree felony, it is unlikely that the potential state jail sentence influenced his plea. Moreover, appellant received probation for this offense, to be served concurrently with the twenty-eight year sentence for the first degree felony. Therefore, on this record, we cannot conclude appellant was harmed by the lack of an admonishment on range of punishment for either offense. Appellant's first issue is overruled.

### Motion for New Trial

In his second issue, appellant argues the trial court erred in failing to conduct a hearing on the motion for new trial. A trial judge abuses his discretion in failing to hold a hearing if the motion and accompanying affidavits (1) raise matters which are not determinable from the record and (2) establish reasonable grounds showing that the defendant could potentially be entitled to relief. *Hobbs v. State*, 298 S.W.3d 193, 199 (Tex. Crim. App. 2009). There is no absolute right to a hearing on a motion for new trial. *Smith v. State*, 286 S.W.3d 333, 338 (Tex. Crim. App. 2009).

A motion for new trial must be supported by an affidavit as a prerequisite to a hearing when the grounds in the motion are based on matters not already in the record. *Id.* Such an affidavit is required to specifically set forth the factual basis for the claim. The affidavit need not establish a *prima facie* case, or even "reflect every component legally required to establish relief. [I]t is sufficient if a fair reading of it gives rise to reasonable grounds in

support of the claim." *Id.* But affidavits that are conclusory in nature and unsupported by facts do not provide the requisite notice of the basis for the relief claimed; thus, no hearing is required. *Id.* at 339.

Here, appellant's motion asserted that his attorney failed to file a motion to suppress the search of the vehicle in which he was a passenger when the drugs were found. According to the motion, the search was without a warrant or probable cause. Appellant claimed he was "coerced into a guilty plea based upon the ineffectiveness of . . . court appointed counsel in violation of the Sixth Amendment" and therefore his plea was involuntary and "should be allowed to be withdrawn." The only verification of the conclusory facts alleged in the motion, however, was from appellant's counsel, who did not have personal knowledge of the facts alleged in the motion. Therefore, appellant failed to provide the requisite notice, and as a result, no hearing was required. *See Alcott v. State*, 26 S.W.3d 1, 5 (Tex. App.—Waco 1999) *aff'd,* 51 S.W.3d 596 (Tex. Crim. App. 2001); *Hobbs*, 298 S.W.3d at 199. Appellant's second issue is overruled.

### Reformation of Judgment

In a cross-point, the State requests we correct the judgment to correctly reflect the presiding judge. An appellate court has the power and even a duty to correct a clerical error on a judgment form to properly reflect what occurred in the trial court as shown by the record. TEX. R. APP. P. 43.2; *French v. State*, 830 S.W.2d 607, 609 (Tex. Crim. App. 1992). The judgments in this case state that the Honorable Robert Dry was the presiding judge, but the record reflects that the Honorable Don Jarvis presided over the trial. Therefore, we

sustain the State's cross-point, and reform the judgment to reflect that the Honorable Don

Jarvis presided over the trial of the case. As reformed, the trial court's judgment is affirmed.


MARTIN RICHTER
JUSTICE


Do Not Publish
TEX. R. APP. P. 47

110237F.U05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

FRANCISCO NOVAS, Appellant

No. 05-11-00237-CR      V.

THE STATE OF TEXAS, Appellee

Appeal from the 199th Judicial District Court of Collin County, Texas. (Tr.Ct.No. 199-82234-08).
Opinion delivered by Justice Richter, Justices Bridges and Lang participating.

Based on the Court's opinion of this date, the judgment of the trial court is **REFORMED** to reflect that the Honorable Don Jarvis presided over the trial of this case.

As reformed, the judgment is **AFFIRMED**.

Judgment entered October 31, 2012.

MARTIN RICHTER
JUSTICE



# Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

FRANCISCO NOVAS, Appellant

No. 05-11-00239-CR     V.

THE STATE OF TEXAS, Appellee

Appeal from the 199th Judicial District
Court of Collin County, Texas. (Tr.Ct.No.
05-11-00239-CR).
Opinion delivered by Justice Richter,
Justices Bridges and Lang participating.

Based on the Court's opinion of this date, the judgment of the trial court is **REFORMED** to reflect that the Honorable Don Jarvis presided over the trial of this case.

As reformed, the judgment is **AFFIRMED**.

Judgment entered October 31, 2012.

_____
MARTIN RICHTER
JUSTICE