Willie Ortega TORRES, Appellant,

v.

The STATE of Texas, Appellee.

No. 58604.

Court of Criminal Appeals of Texas,
Panel No. 2.

Feb. 6, 1980.

Carlos L. Correa, Houston, for appellant.

Carol S. Vance, Dist. Atty., Douglas M. O'Brien and Ned B. Morris, Asst. Dist. Attys., Houston, Robert Huttash, State's Atty., Austin, for the State.

Before DOUGLAS, ROBERTS and CLINTON, JJ.

OPINION

DOUGLAS, Judge.

Torres was convicted of burglary of a habitation. The punishment phase was tried to the court, which found allegations of two prior felony convictions to be true, and accordingly assessed punishment at life.

Appellant now contends, in four related grounds of error, that the court failed properly to determine appellant's competency to stand trial after that issue had been raised. We agree and abate the appeal pending further proceedings in the trial court.

Torres' first contention, that the court abused its discretion in failing to grant appellant's pro se motion for psychiatric examination, is not supported by the record. Such a motion appears to have been filed, but nothing in the record indicates that it was urged or that a ruling was had upon it.

Similarly, appellant's contention that the court erred in not holding a pre-trial competency hearing in response to Torres' pro se "Motion for Discovery of Facks" (sic) is undermined by the lack of any indication in the record that the motion, filed shortly after appellant was indicted and which urges that "Defendant . . . now be declared sane or insane", was brought to the attention of the court before the State rested its case.

Neither is there support in the record for appellant's contention that the court held a hearing on incompetency before the trial jury. Instead, the record shows that, after the State closed, the following occurred:

"MR. CORREA: (Defense Counsel) Your Honor, the Defense has rested already and we close as well.

"MR. MORRIS: (Prosecutor) Your Honor, may it be pointed out that the Court has approved and allowed—

"MR. CORREA: May the jury be removed?

"MR. MORRIS: This is for the jury. There was a prior motion by the Defendant with regard to putting insanity into the case.

"MR. CORREA: I move for a mistrial.

"THE COURT: The record will show the Court has reversed its ruling and permitted you to go into the question of insanity.

"MR. CORREA: Unfortunately, the rule was so late and Dr. Comstock or Dr. Payne were unavailable and I move for a mistrial.

"THE COURT: Anything else?

"MR. CORREA: Just move for a mistrial.

"THE COURT: Do you close?

"MR. CORREA: Yes, Your Honor."

Appellant's final contention, that the trial court erred in "failing to stop the trial and conduct a hearing out of the presence of the jury when evidence of the defendant's incompetency was brought to the court's attention", falls closer to the mark.

We do not hold that the trial should have been stopped to hold the hearing instanter,[1] but such a hearing should have been held. Article 46.02, Section 2(b), V.A.C.C.P.[2] Indeed, the record indicates that such a hearing was granted by the court. Out of the presence of the jury, the following occurred:

"THE COURT: Overrule the motion. [on impeachment] Anything else?

"MR. CORREA: Yes, Your Honor. One more time, Your Honor, I would like to urge the Court, and I would apprise the Court one more time, the issue of competence has been made of record to this Court as of a year ago, and I reurge this Court that we be allowed to put testimony, bringing this issue to the jury, as to whether or not this man is competent or incompetent; not necessarily whether or not he knows right from wrong, but whether he understands the consequences or knows what is going on, Your Honor. I think we are entitled to bring this to the jury, Your Honor, and, as the Court pointed up yesterday, there must be at least ten days notice. I will again reiterate there has been a motion made to this Court in writing, which is in the file, at least a year ago. The issue has been brought and we reurge to allow us to put testimony in in this regard.

"MR. MORRIS: May we be heard on that, Your Honor?

"THE COURT: Yes.

"MR. MORRIS: Your Honor, I think the Defense may be confusing insanity and competence. We have been using both terms interchangeably. As the Court pointed out, the insanity issue, there must be ten days notice in order for the State to prepare for an insanity issue. Competence can be raised during the trial itself if there is evidence presented either before, during, or after the trial. The competence issue can be determined if it is raised. The Court is under no duty, just because Counsel states there may be a competence issue, to hold a competence hearing, but if it is raised by evidence during the trial it's our understanding that the Court can have a separate competence hearing prior to sentencing after the judgment and the jury would pass on the competency of the Defendant rather than the trial jury in this case.

"THE COURT: Overrule the motion.

"MR. CORREA: Note our exception. Those would be the two motions I had.

"THE COURT: Are you ready for the jury?

"MR. CORREA: Yes, Your Honor, I am ready for the jury.

"THE COURT: Bring the jury out. Mr. Morris, let me show you a pro se motion in the file. (At this time a conference was had at the bench out of the hearing of the Court Reporter)

"THE COURT: Mr. Correa, I have read the motion and I will grant your motion, the first motion—the second one was on competency. Overrule the one on impeachment."

Appellant's brother was later permitted to testify, before the jury, that appellant had twice been committed to mental hospitals. Torres' wife had not been permitted to testify earlier to the same circumstances.

1. The hearing could have been held at any time prior to sentencing. Article 46.02, Section 4(c), V.A.C.C.P.

2. Article 46.02, Section 2(b), V.A.C.C.P., provides:

"If during the trial evidence of the defendant's incompetency is brought to the attention of the court from any source, the court must conduct a hearing out of the presence of the jury to determine whether or not there is evidence to support a finding of incompetency to stand trial."

We hold that, despite defense counsel's apparent confusion about the difference between the issues of insanity and competency and the effect that may have had upon the court, appellant's attempts to raise the issue of competency, combined with testimony of appellant's prior commitments, satisfy the requirements of Article 46.02, Section 2(b), V.A.C.C.P.

The court should have held a hearing to determine whether there was sufficient evidence of incompetency to require empaneling a jury under Article 46.02, Section 4(a), V.A.C.C.P.[3]

We accordingly remand this cause to the trial court to determine whether, in the light of the passage of time, the issue of appellant's competency at the time of his trial in 1977 can now be decided.

If the court determines that the issue can be decided, it shall proceed to hear testimony to determine further whether a jury hearing is required under Article 46.02, Section 4(a), V.A.C.C.P.,[4] and, if necessary, to hold such hearing and such further actions as are authorized by Article 46.02.

If the trial court determines that a nunc pro tunc determination of appellant's competency is not possible, it shall grant a new trial, and appellant shall remain in the custody of the Sheriff of Harris County to answer the indictment in this cause.

The appeal is abated. Appellant is remanded to the custody of the Sheriff of Harris County, and the cause is remanded for proceedings consistent with this opinion.

---

**3.** Article 46.02, Section 4(a), V.A.C.C.P., provides in pertinent part:

"If the court determines that there is evidence to support a finding of incompetency to stand trial, a jury shall be impaneled to determine the defendant's competency to stand trial. This determination shall be made by a jury that has not been selected to determine the guilt or innocence of the defendant. · · · "

**4.** This is necessary because, although the record before us raises the *issue* of incompetency, there is not now before us evidence sufficient to support a *finding* of incompetency.