Carlos Aleman MATA, Appellant,

v.

The STATE of Texas, Appellee.

No. 67498.

Court of Criminal Appeals of Texas, Panel No. 3.

May 12, 1982.

Juan Martinez Gonzales, Beeville, for appellant.

Thomas L. Bridges, Dist. Atty. & C. F. Moore, Jr., Asst. Dist. Atty., Beeville, Robert Huttash, State's Atty., Austin, for the State.

Before ODOM, W. C. DAVIS and McCORMICK, JJ.

## OPINION

McCORMICK, Judge.

Appellant pled guilty to the offense of aggravated assault and was placed on probation for five years. Thereafter, the State filed a motion to revoke appellant's probation. Appellant pled true and appellant's probation was revoked.

■ Initially, appellant contends that the indictment for aggravated assault on which the original conviction was based was defective. In a multifarious ground, appellant contends that it was fundamentally defective because it failed to allege the part of the body that was injured when appellant stabbed the victim.

The indictment in pertinent part alleged that appellant "... did then and there unlawfully, intentionally, knowingly, and recklessly cause serious bodily injury to Rogelio Llamas by cutting and stabbing him with a knife...."

Since the indictment tracked the statute and sufficiently charged an offense against the laws of this State, the indictment is not fundamentally defective, *Boney v. State*, 572 S.W.2d 529 (Tex.Cr.App.1978); *McElroy v. State*, 528 S.W.2d 831 (Tex.Cr.App.1975).

■ In the same ground, appellant contends the indictment was fundamentally defective because the culpable mental states

are pled in the conjunctive. This is likewise without merit. See *Robinson v. State,* 596 S.W.2d 130 (Tex.Cr.App.1980).

Appellant next conends the trial court erred in accepting appellant's plea of "true" because "there was a bona fide doubt as to appellant's competence." Appellant in this ground contends that the trial court erred in not impaneling a jury to determine competency.

Article 46.02, Section 2, V.A.C.C.P., provides:

"(a) The issue of the defendant's incompetency to stand trial shall be determined in advance of the trial on the merits if the court determines there is evidence to support a finding of incompetency to stand trial on its own motion or on written motion by the defendant or his counsel filed prior to the date set for trial on the merits asserting that the defendant is incompetent to stand trial.

"(b) If during the trial evidence of the defendant's incompetency is brought to the attention of the court from any source, the court must conduct a hearing out of the presence of the jury to determine whether or not there is evidence to support a finding of incompetency to stand trial."

Section 2(a) governs instances in which a pretrial motion is filed before the trial date asserting the defendant's incompetency to stand trial. There are two possible interpretations of Article 46.02, Section 2(a). One is that if a pretrial motion is filed asserting that the defendant is incompetent, there must then be a Section 2 hearing before the trial court alone at which time the defense may put on evidence of the defendant's incompetence, subject to cross-examination by the State. If, at such hearing, evidence more than a scintilla is produced that would support a finding of incompetence, a Section 4 jury hearing is required. *Sisco v. State,* 599 S.W.2d 607 (Tex.Cr.App.1980).

The other view was expressed in *McWherter v. State,* 607 S.W.2d 531 (Tex. Cr.App.1980). That case seems to indicate that the defendant must plead his evidence in the pretrial motion and include in that motion evidence that would support a finding of incompetence. If he does so, a Section 4 jury competency hearing is automatically required. This interpretation eliminates the need for a Section 2 hearing before the trial court if the matter is raised pretrial and does not allow for cross-examination of the defendant's "evidence."

We would note that *McWherter,* in its discussion of incompetency, cites a number of cases decided prior to the 1975 statutory amendments to the Code of Criminal Procedure. Symmetry with Section 2(b), and generally accepted notions of "evidence" would also tend to indicate that the method utilizing a hearing before the court, is correct. However, because there was no pretrial motion asserting incompetency in this case, we need not today decide that issue.

Section 2(b) controls the competency procedure if there has been no pretrial assertion of incompetency. If, during trial, "evidence" of the defendant's incompetency is brought to the trial court's attention, the court must sua sponte conduct a Section 2 inquiry hearing before the court. At this inquiry hearing, only if there is evidence produced that would support a *finding* of incompetency need a Section 4 jury hearing be conducted.

■ Therefore, evidence of the defendant's incompetency brought to the trial court's attention during trial triggers a similar sort of inquiry hearing that a pretrial motion asserting incompetency triggers under Section 2(a), according to *Sisco.* That is, a hearing before the trial court alone to determine if there is evidence that would support a finding of incompetence. A mere showing in the Section 2 inquiry hearing that the defendant is mentally ill, absent evidence that would support a finding of incompetence, does not necessitate a Section 4 jury hearing.

The next question is what quantum of "evidence" must be brought to the trial

court's attention to require the court to conduct a Section 2(b) inquiry hearing during trial. In the case of *Dinn v. State*, 570 S.W.2d 910 (Tex.Cr.App.1978), this Court indicated that the evidence must raise a bona fide doubt as to the competency of a defendant before the trial court need conduct a Section 2 inquiry hearing. The application of such a standard can be seen in *Torres v. State*, 593 S.W.2d 717 (Tex.Cr.App.1980). In that case, the defendant's brother testified that the defendant had twice before been committed to mental institutions. The defense attorney attempted to place the incompetency issue before the court by his comments to the court about the defendant's mental status. This Court held that the combined evidence before the court during trial sufficiently raised the issue of incompetency to require the trial court to conduct a Section 2 inquiry hearing as to the defendant's competency. This Court said:

"The court should have held a hearing (before the court alone) to determine whether there was sufficient evidence of incompetency to require empanelling a jury under Article 46.02, Section 4(a), V.A.C.C.P." 593 S.W.2d at 719.

See also *Hawkins v. State*, 628 S.W.2d 71 (1982).

The proper procedure was used in *Dinn v. State*, supra. During trial, witnesses testified that recently the defendant had acted as if he were an "insane man" and a "crazy person"; "he had lost his mind." Various other witnesses testified that the defendant was not in his right mind and had threatened suicide and needed psychiatric treatment. Because of such testimony, the judge, outside the jury's presence, conducted Section 2 inquiry hearings into the defendant's competency. Inquiry was made of his attorney and other laymen acquainted with the defendant. While such inquiry showed that the defendant had bad judgment, evidence was not adduced that would support a finding that the defendant lacked a sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding or that he lacked a rational and factual understanding of the proceedings against him. Therefore, there was no need in that case to conduct a Section 4 jury hearing on the competency issue.

■ There is no need under Section 2(b) for the court sua sponte to inquire as to competency unless the evidence coming to the court's attention raises a bona fide doubt as to competency. There is, unfortunately, no easy litmus test for determining when evidence meets the deceptively simple bona fide doubt standard. Evidence raising a bona fide doubt is evidence that causes a real doubt in the judge's mind as to the defendant's comptency. It need not be sufficient to support a finding of incompetence and is qualitatively different from such evidence.

Once the court conducts a Section 2 inquiry hearing, whether such hearing is necessitated by a pretrial motion pursuant to Section 2(a) or because evidence has raised a bona fide doubt as to the defendant's competence, the proof that requires a Section 4 jury hearing is the same. The defendant must produce at the Section 2 hearing evidence that would support a finding of incompetence. See *Sisco v. State*, supra; *Dinn v. State*, supra.

■ In the case before us, no pretrial written motion asserting incompetence was filed by the defendant nor did the trial court raise the issue. Therefore, Article 46.02, Section 2(b) governs this situation. The record shows that, after announcing ready but before entering his plea to the motion to revoke, appellant's attorney told the trial court:

"MR. NOGUEIRA: I believe after talking with him (appellant), Your Honor, that he has no plea other than true, but he has such a long history of drunkenness that we could go on all day on this and probably accomplish the very end that might happen here in five min-

utes. I think I have an obligation under my appointment, and you appointed me, Your Honor—

"THE COURT: Yes, sir.

"MR. NOGUEIRA: —to state to you that he obviously is a man of whose mental plane is lower than that of Mr. Moore's and mine and Mr. Campos'. And that notwithstanding whatever offers might have been given to him for assistance with his problem on one occasion by Mr. Campos, he nevertheless is addicted to the excessive use of alcohol to the extent that he cannot control himself. And he is, I think, from what the record shows him to be, a man of some degree of danger when he's drinking. I don't believe there's any argument about that. . . ."

Appellant's counsel went on to discuss appellant's conduct and his addiction to alcohol.

While the standard of bona fide doubt is easily stated, it is not so easily applied. Each instance must be examined on a case by case basis to determine if a bona fide doubt is raised. Generally, to raise the issue, there must be evidence of recent severe mental illness or bizarre acts by the defendant or of moderate retardation. See *Porter v. State*, 623 S.W.2d 374 (Tex.Cr. App.1981). The evidence must cause the court a bona fide doubt that the defendant has a sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding or that he lacks an understanding of the proceedings against him. The term "evidence" as used in Section 2(b) should not be strictly construed. The statute itself uses the phrase "evidence . . . from any source." Therefore, the unsworn statement of the attorney could be evidence for this purpose if the statement of the attorney raised a bona fide doubt as to the defendant's competence.

We need not decide whether a bona fide doubt as to appellant's competency was raised here since the careful trial judge did make the further inquiry into appellant's competency envisioned by Article 46.02, Section 2(b):

"THE COURT: Not less than two nor more than five years. All right. Let me see. You have been to high school; haven't you?

"THE DEFENDANT: Yes, ma'am.

"THE COURT: You went to the ninth grade; did you?

"THE DEFENDANT: Yes, ma'am.

"THE COURT: And you understand English, and you understand what I'm talking about?

"THE DEFENDANT: Yes, ma'am.

"THE COURT: You were put on probation provided you did not violate the law and not commit any of those other acts in the order of probation. Now you're admitting it's true that you have violated the law and violated the order of probation; right?

"THE DEFENDANT: Yes, ma'am.

"THE COURT: You understand. And you've never been treated for any kind of mental illness other than this matter of alcoholism; have you?

"THE DEFENDANT: I haven't what?

"THE COURT: Have you been treated for any kind of mental illness?

"THE DEFENDANT: No, ma'am.

"THE COURT: Have you ever been to the state hospital?

"THE DEFENDANT: No, ma'am.

"MR. NOGUEIRA: He's never been treated for anything. That's what I was trying to say to the Court.

"THE COURT: Mr. Nogueira, are you convinced this man is competent to enter this plea of true?

"MR. NOGUEIRA: Insofar as he's able to understand it, Your Honor. But notwithstanding his high school diploma or whatever he got, I think he's a substandard mental case. I don't think he has the same rational capabilities that the Court has or that Mr. Moore has or that I have or Mr. Campos has or

the reporter or Mrs. Carter or anybody else.

"THE COURT: We're not asking him that. We're asking whether he understands he's not supposed to break the law, and he admitted he has. You think he understands that and he's consulted with you whether he has or not?

"MR. NOGUEIRA: I've asked him if he was drunk on all these occasions, and he said he was. They are the natural consequences of his being drunk. And I don't know that he knows that getting drunk is against the law. I'm not a psychiatrist, Your Honor, as you well know.

"THE COURT: No. The competence extends to his ability to communicate with you and consult with you concerning this offense.

"MR. NOGUEIRA: I think he understands with what he's charged. And when he tells the Court that these things are true with which he is charged, I think he knows what he's telling the Court.

"THE COURT: He has consulted with you, and he understands the proceedings against him, that we will send him to the Texas Department of Corrections if it's revoked?

"MR. NOGUEIRA: Do you understand that; that Judge Littlejohn can, if she wants to and if she decides that it's the proper thing to do under the law, send you to the penitentiary if she finds on your plea of true to these matters that your probation should be revoked, and you would go to the penitentiary for a period not less than two nor more than five years on the original conviction of aggravated assault? Do you understand that?

"THE DEFENDANT: Yes, sir.

"MR. NOGUEIRA: Is that too deep for you, or should I restate it?

"THE DEFENDANT: No. I understand.

"THE COURT: You understand?

"THE DEFENDANT: Yes, ma'am."

When the trial court made inquiry, no evidence was adduced that would support a finding of incompetence to stand trial. While the Section 2(b) inquiry was not as formal as it ideally might have been, it was a sufficient inquiry hearing to comply with Section 2(b) since the matter was being raised by the court sua sponte. See *Dinn v. State*, supra. The purpose of Section 2(b) is to ensure that a defendant is competent to stand trial even if his attorney does not know to raise the issue. Proceedings under Section 2(a) must be more formal if the defendant has asserted his incompetence.

Since no evidence was adduced at the Section 2 inquiry hearing that would support a finding of incompetency, the trial court did not err in refusing to empanel a Section 4 jury to decide the competence issue nor did the court err in accepting appellant's plea. See *Dinn v. State*, supra. Compare *Sisco v. State*, supra.

■ Next, appellant urges that the trial court erred in refusing to have the appellant undergo a psychiatric examination apparently pursuant to Article 46.02, Section 3. We note initially that at the hearing appellant failed to move for an examination under Article 46.02, Section 3. It is true that appellant's attorney suggested commitment to an alcohol facility but in context it does not appear that such was suggested for evaluative purposes but rather for treatment and possibly in lieu of a prison sentence. In the absence of a motion at trial for a psychiatric examination to evaluate the appellant's competence, nothing is presented for review. We would also point out that aside and apart from Article 46.02, Section 3, an indigent defendant in Texas may obtain psychiatric evaluation pursuant to Article 26.05, Section 1(d), V.A.C.C.P. See *Von Byrd v. State*, 569 S.W.2d 883, at 896.

Finally, appellant contends that the trial court abused its discretion in revoking ap-

pellant's probation. It is difficult to understand appellant's complaint or more accurately complaints.

This ground is multifarious and need not be considered by this Court. Article 40.09, Section 9, V.A.C.C.P.; *Williams v. State*, 605 S.W.2d 596 (Tex.Cr.App.1980). However, we have examined the claims as we can discern them and find them without merit.

■ If the alleged error is that the State should have proved the violations of probation beyond a reasonable doubt, such contention is without merit, *Scamardo v. State*, 517 S.W.2d 293 (Tex.Cr.App.1974).

■ If the error is that the court erred in asking how the appellant pled to the motion as a whole rather than how he pled to each individual alleged violation, the contention likewise lacks merit. The record reflects the following colloquy:

"THE COURT: How do you plead to the motion to revoke; true or not true? All those things that are written in there, are they true or not true?

"MR. NOGUEIRA: The Judge is talking about these things that are contained down here that you were reading a while ago.

"THE DEFENDANT: True.

"THE COURT: Now, are you saying true because they are, in fact, true and all of them true?

"THE DEFENDANT: Yes, ma'am."

Appellant obviously pled true to all of the grounds alleged by the State. There was no objection to the proceedings used. The State also introduced evidence to support the revocation. Appellant's ground is overruled.

■ Finally, if appellant contends that the record affirmatively showed appellant was incompetent to enter his plea or stipulate, as discussed above, this is without merit.

The order revoking probation is affirmed.