Ex Parte Jerry Lee Duffing















IN THE
TENTH COURT OF APPEALS
 

No. 10-02-238-CR

EX PARTE JERRY LEE DUFFING

 

From the 52nd District Court
Coryell County, Texas
Trial Court # 15780
                                                                                                                
                                                                                                         
MEMORANDUM OPINION
                                                                                                                

      Jerry Lee Duffing has filed an original application for writ of habeas corpus under article
11.07 of the Code of Criminal Procedure. “This Court does not have original habeas jurisdiction
in criminal law matters.” Ex parte Hearon, 3 S.W.3d 650, 650 (Tex. App.—Waco 1999, no
pet.); accord Dodson v. State, 988 S.W.2d 833, 835 (Tex. App.—San Antonio 1999, no pet.);
Sanders v. State, 771 S.W.2d 645, 650 (Tex. App.—El Paso 1989, pet. ref’d); see also Tex.
Code Crim. Proc. Ann. art. 11.07, § 3(b) (Vernon Supp. 2002) (post-conviction writ “must be
made returnable to the Court of Criminal Appeals”). 

Accordingly, we dismiss Duffing’s application for want of jurisdiction.

                                                                   PER CURIAM

Before Chief Justice Davis,
      Justice Vance, and
      Justice Gray
Application dismissed for want of jurisdiction
Opinion delivered and filed August 28, 2002
Do not publish
[CR25]



;                                                                                        

      While in prison, Ronald Alcott threatened a fellow inmate with a hand-made sharp object. 
After guards were alerted, Alcott went back to his cell where he was found with the object in his
hand. Alcott presented testimony at trial that he had psychiatric problems and that his medication
had been adjusted at the time of the incident. He was convicted of possession of a deadly weapon
in a penal institution. To enhance the sentence, the State alleged Alcott had four prior final felony
convictions. After finding two or more of the alleged felony convictions to be true, the jury set
his punishment at life in prison. Alcott challenges the trial court’s judgment in two issues. We
affirm the judgment.
COMPETENCY
      We first discuss Alcott’s second issue where he contends that the trial court erred in failing
to conduct a hearing because he appeared to be incompetent during the punishment phase of his
trial. Tex. Code Crim. Pro. Ann. art. 46.02 § 2(b) (Vernon 1979). Because the evidence did
not raise a “bona fide”


 doubt as to Alcott’s competence, we overrule this issue.
Applicable Law
      A person is incompetent to stand trial if he does not have “(1) sufficient present ability to
consult with his lawyer with a reasonable degree of rational understanding; or (2) a rational as well
as factual understanding of the proceedings against him.” Tex. Code Crim. Pro. Ann. art. 46.02
§ 1(a) (Vernon 1979). A defendant is presumed to be legally competent unless proved
incompetent by a preponderance of the evidence. Tex. Code Crim. Pro. Ann. art. 46.02 § 1(b)
(Vernon 1979). It is well-settled that the conviction of one who is legally incompetent to stand
trial violates due process of law. Thompson v. State, 915 S.W.2d 897, 901 (Tex. App.—Houston
[1st Dist.] 1996, pet. ref’d). Likewise, a defendant must be competent at the time of his
sentencing to be sentenced. Tex. Code Crim. Pro. Ann. art. 42.07 (Vernon Supp. 1999); Casey
v. State, 924 S.W.2d 946, 949 (Tex. Crim. App. 1996).
      During any part of a trial, evidence of a defendant’s incompetency from any source can be
brought to the trial court’s attention. Tex. Code Crim. Pro. Ann. art. 46.02 § 2(b) (Vernon
1979); Mata v. State, 632 S.W.2d 355, 357 (Tex. Crim. App. 1982); Rodriquez v. State, 816
S.W.2d 493, 495 (Tex. App.—Waco 1991, pet. ref’d). When evidence of incompetency during
the trial process is produced, then the court must conduct an inquiry, referred to as a “Section 2(b)
inquiry,” outside the presence of the jury to determine whether or not there is evidence to support
a finding of incompetency to stand trial. Tex. Code Crim. Pro. Ann. art. 46.02 § 2(b) (Vernon
1979). The critical question for our analysis is, what quantum of evidence must be brought to the
trial court’s attention to initiate a Section 2(b) inquiry. Mata, 632 S.W.2d at 357-358; Thompson,
915 S.W.2d at 901. There is no easy litmus test for answering this question, and each incident
is examined on a case by case basis. Mata, 632 S.W.2d at 358, 359; Thompson, 915 S.W.2d at
902.
      Before the trial court must conduct a Section 2(b) inquiry, the evidence must raise a bona fide
doubt as to the competency of the defendant. Collier v. State, 959 S.W.2d 621, 625 (Tex. Crim.
App. 1997); Mata, 632 S.W.2d at 358. Evidence that raises a bona fide doubt is evidence that
causes real doubt in the judge’s mind as to the defendant’s competency. Mata, 632 S.W.2d at
358. In other words, the evidence must cause the trial court to have real doubt that the defendant
has a sufficient present ability to consult with his lawyer with a reasonable degree of rational
understanding or a real doubt that the defendant possesses an understanding of the proceedings
against him. Id. at 359; Rice v. State, 991 S.W.2d 953, 957 (Tex. App.—Fort Worth 1999, no
pet.). The mere fact that a defendant has been treated by a psychiatrist does not constitute
evidence of present incompetency to stand trial. Thompson, 915 S.W.2d at 902; Gilbert v. State,
852 S.W.2d 623, 627 (Tex. App.—Amarillo 1993, no pet.).
Evidence Raised
      Alcott argues the trial court had sufficient evidence to warrant a Section 2(b) inquiry. He
contends that his witness, Dr. Ronald Massey, contributed to that evidence by testifying about
Alcott’s various mental defects and the medications he was prescribed. Dr. Massey had been
appointed by the trial court to evaluate Alcott’s competency to stand trial pursuant to a request by
Alcott’s attorney. No motion to determine competency was filed. Dr. Massey testified during the
guilt/innocence phase of the trial. Nothing in the doctor’s testimony suggested that Alcott could
not communicate with his lawyer or did not understand the proceedings against him. In fact, Dr.
Massey testified that Alcott was competent. 
      Alcott also points to his inability to enter a plea of true or not true to the enhancement
paragraphs at the start of the punishment phase of his trial as additional evidence to trigger a
Section 2(b) inquiry. He states in his brief that the trial court and the prosecutor obviously thought
he was incompetent to enter a plea. Contrary to Alcott’s assertions, the record is devoid of what
anyone thought of his competency. After the trial court asked for a plea of true or not true,
Alcott’s counsel commented that she did not know whether he understood or remembered the
allegations. The prosecutor merely suggested that the court enter a plea of not true. This
exchange does not indicate a lack of competency. The absence of a present memory of a prior
conviction does not indicate Alcott was unable to consult with his lawyer with a reasonable degree
of rational understanding or create a real doubt that Alcott possessed an understanding of the
proceedings against him. 
      Lastly, Alcott suggests that his outburst during the testimony of a State witness at punishment,
in combination with the other facts, was enough to raise a bona fide doubt as to his competence. 
We disagree. During the testimony of a State’s witness, Alcott interjected that he had tried to kill
himself and that he had sought help, but no one would help. While not proper courtroom
decorum, Alcott’s outburst was in response to testimony about a scar on the inside of his left wrist
as an identification mark for the purpose of introducing the pen packets of Alcott’s prior felony
convictions. This outburst does not raise a bona fide doubt as to his competency. See Moore v.
State, 999 S.W.2d 385, 395 (Tex. Crim. App. 1999).
      Alcott participated in decision making during his trial and did not have any questions of the
court when it came time to be sentenced. If silence at the enhancement plea and an outburst during
punishment testimony raised a bona fide doubt as to Alcott’s competency, then any defendant
could act unruly or remain silent simply to avoid criminal justice. See id., citing Burks v. State,
792 S.W.2d 835 (Tex. App.—Houston [1st Dist.] 1990, pet. ref’d). Based on the record, a bona
fide doubt was not raised as to Alcott’s competency, and the trial court did not err in failing to
hold a Section 2(b) inquiry. 
MOTION FOR NEW TRIAL
      In his first issue, Alcott complains that the trial court should have granted his request for a
hearing on his motion for new trial because it was timely filed, timely presented and alleged facts
which indicated a new trial would be appropriate. Because his supporting affidavit does not allege
reasonable grounds necessary to grant relief, we overrule this issue.
Applicable Law
      A defendant does not have an “absolute right” to a hearing on a motion for new trial. Reyes
v. State, 849 S.W.2d 812, 815 (Tex. Crim. App. 1993); Mendoza v. State, 935 S.W.2d 501, 503
(Tex. App.—Waco 1996, no pet.). While a hearing may be necessary to develop issues raised in
a motion for new trial, an unrestricted requirement of holding hearings on matters not
determinable from the record could lead to “fishing expeditions.” Reyes, 849 S.W.2d at 816;
Mendoza, 935 S.W.2d at 503. As a prerequisite to a hearing, the motion for new trial must be
supported by affidavit of the accused or someone else specifically showing the truth of the grounds
alleged as a basis for a new trial. Reyes, 849 S.W.2d at 816. A defendant must assert in this
affidavit reasonable grounds for relief which cannot be determined from the record. Jordan v.
State, 883 S.W.2d 664, 665 (Tex. Crim. App. 1994); Mendoza, 935 S.W.2d at 503. Affidavits
which are conclusory in nature and unsupported by facts are not sufficient to put the trial court on
notice that reasonable grounds for relief exist. Jordan, 883 S.W.2d at 665. If the defendant’s
motion and affidavit are sufficient, a hearing on the motion is mandatory. Id.; Reyes, 849 S.W.2d
at 816.
Grounds Shown
      Alcott timely filed a motion for new trial. In it, he argued he should have a new trial because
he was denied his mental health medication immediately prior to trial and was unable to testify on
his own behalf. He also urged that his bad behavior during punishment was a result of his
insufficient medication. He concluded that this negatively affected the outcome of his trial and that
he should be granted a new trial. Lastly, he argued that a witness who would testify regarding
Alcott’s lack of competence at the time of the offense was present to testify, but because no one
informed his defense counsel of this fact, she allowed the jury to be dismissed for the day without
hearing from this witness. The witness could not be present for the next day’s testimony. 
      No affidavit was filed in support of these allegations. There was only a verification from
Alcott’s counsel attached to the motion. It read, in relevant part:
“...I prepared the foregoing DEFENDANT’S MOTION FOR NEW TRIAL. I have
personal knowledge of facts presented in this motion and they are true and correct.[”]

This is not the type of affidavit contemplated that would specifically show the truth of the grounds
asserted or that would show reasonable grounds for relief. An affidavit much more detailed has
been found by the Court of Criminal Appeals to be insufficient. See Jordan, 883 S.W.2d at 665,
666; Cf. Mendoza, 935 S.W.2d 502-503. Therefore, we do not consider the verification attached
to Alcott’s motion as a supporting affidavit because it lacks sufficient detail to put the trial court
on notice that reasonable grounds for relief exist, and a hearing on the motion was not mandatory. 
The trial court did not err in denying a hearing on the motion for new trial. 
CONCLUSION
      Having overruled Alcott’s two issues, we affirm the trial court’s judgment.
 

                                                                         TOM GRAY
                                                                         Justice

Before Chief Justice Davis,
      Justice Vance, and
      Justice Gray
Affirmed
Opinion delivered and filed November 17, 1999
Publish