NUMBER 13-03-311-CR

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI - EDINBURG 
                                                                                                                      

FRED FIRO,                                                                                 Appellant,

v.
 
THE STATE OF TEXAS,                                                     Appellee.
                                                                                                                                      

On appeal from the 28th District Court of Nueces County, Texas.
                                                                                                                      

MEMORANDUM OPINION

Before Justices Yañez, Rodriguez, and Garza
Memorandum Opinion by Justice Garza
 
          Appellant, Fred Firo, was found guilty of burglary of a habitation. Appellant was
sentenced to a term of forty years’ confinement in the Texas Department of Criminal
Justice, Institutional Division and fined $10,000. Appellant challenges his sentence by
three issues: the trial judge erred by proceeding to trial following an allegedly ambiguous
psychiatric report by an appointed expert witness, by failing to conduct a competency
inquiry during trial, and by imposing a fine upon appellant not authorized by statute. We
modify the judgment of the trial court and affirm the judgment as modified.
I. Background
          Defense counsel filed a motion for psychiatric examination prior to trial, which the
trial court granted. Included in the order granting the motion was a three-page form on
which the examiner was supposed to record his findings. Dr. Raul Capitaine, appellant’s
appointed psychiatric examiner, submitted a written report of his findings. During the trial,
appellant revealed that he had been civilly committed for mental illness following a suicide
attempt approximately eleven days after the date of the offense. Appellant alleges he had
not revealed this during his examination by Dr. Capitaine. Defense counsel also presented
evidence during the punishment phase indicating that appellant suffers from auditory
hallucinations.  
II. Standard of Review
          The standard of review for evaluating a decision of whether to conduct a
competency inquiry or hearing pursuant to article 46.02 of the criminal procedure code is
whether the trial court abused its discretion. Garcia v. State, 595 S.W.2d 538, 542 (Tex.
Crim. App. 1980). A trial court in Texas is subject to reversal for abuse of discretion only
if the decision was “arbitrary or unreasonable.” Montgomery v. State, 810 S.W.2d 372, 380
(Tex. Crim. App. 1990). As long as a “trial court follows the appropriate analysis and
balancing factors,” an appellate court should not impose its own judgment, regardless of
how the appellate court may have preferred the case adjudicated on the merits. Id. 
III. Analysis
A. Expert Report
          By his first issue, appellant asserts that the trial judge committed error by
proceeding to trial following the submission of an incomplete and inconclusive report by the
appointed expert. Appellant, however, has failed to properly preserve this alleged error for
appellate review. Preserving an objection for appellate review requires that an objection
first be made at the trial level. See Tex. R. App. P. 33.1(a); Burton v. State, 471 S.W.2d
817, 820 (Tex. Crim. App. 1971) (holding that defendant may not seek and receive
psychiatric evaluation and then complain for first time on appeal that it was inadequate). 
Accordingly, appellant’s first issue is overruled.
B. Competency Inquiry
          By his second issue, appellant contends that the trial court’s refusal to conduct a
competency inquiry during trial constitutes an abuse of discretion. The relevant statute in
force at the time of appellant’s trial provides that:
If during the trial evidence of the defendant’s incompetency is
brought to the attention of the court from any source, the court
must conduct a hearing out of the presence of the jury to
determine whether or not there is evidence to support a finding
of incompetency to stand trial.
 
Tex. Code Crim. Proc. Ann. art. 46.02, § 2(b) (Vernon Supp. 2004).


 In a section 2(b)
competency inquiry, the judge determines whether there is sufficient evidence to hold a full
competency hearing; the inquiry is preliminary to the hearing and has a separate level of
proof. See id.; see also Marbut v. State, 76 S.W.3d 742, 747 (Tex. App.–Waco 2002, pet.
ref’d).Repealed by Acts 2003, 78th Leg., ch. 35 § 15 (effective January 1, 2004) (current version at Tex.
Code Crim. Proc. art. 46B (Vernon Supp. 2004). 
          A section 2(b) competency inquiry is necessary “only if the evidence brought to the
judge’s attention is such as to raise a bona fide doubt in the judge’s mind as to the
defendant’s competency to stand trial.” Alcott v. State, 51 S.W.3d 596, 601 (Tex. Crim.
App. 2001); Collier v. State, 959 S.W.2d 621, 625 (Tex. Crim. App. 1997).


 A bona
fide doubt is “a real doubt in the judge’s mind as to the defendant’s competency.” Mata v.
State, 632 S.W.2d 355, 358 (Tex. Crim. App. 1982). The phrase may be used
interchangeably with “reasonable doubt.” Alcott, 52 S.W.2d at 599 n.10. A bona fide
doubt is “qualitatively different” from “evidence sufficient to support a finding of
incompetence.” Mata, 632 S.W.2d at 358. 
          A bona fide doubt may exist “only if the evidence indicates recent severe mental
illness, at least moderate mental retardation, or truly bizarre acts by the defendant.” 
Collier, 959 S.W.2d at 625; Mata, 632 S.W.2d at 359. A defendant’s history of mental
illness, however, need not necessarily create a bona fide doubt concerning his competency
in the mind of a trial judge where other factors indicate that the defendant is competent. 
See McDaniel v. State, 98 S.W.3d 704, 712 (Tex. Crim. App. 2003); Ex Parte McWilliams,
634 S.W.2d 815, 820 (Tex. Crim. App. 1982). 
          The question on appeal is whether the trial judge was acting within her discretion
in deciding not to conduct a section 2(b) competency inquiry. Shortly before trial, Dr.
Capitaine submitted a report in which he found appellant competent to stand trial. After
a finding of competency by Dr. Capitaine, the trial judge was free to disregard appellant’s
history of mental illness. See McDaniel, 98 S.W.3d at 712; Ex Parte McWilliams, 634
S.W.2d at 820.
          A defendant’s clear understanding of the charges against him militates against the
trial judge forming a bona fide doubt of a defendant’s competency. McDaniel, 98 S.W.3d
at 712. While there was evidence of past mental illness, appellant appeared rational at trial
and able to understand the charges against him. When brought to the stand, he testified
responsively and concisely. 
          Appellant now asserts that his inability to keep up with the pace of questioning at
a single point during the trial constitutes evidence of incompetence. At the time, defense
counsel requested that the prosecutor question appellant more slowly. The judge also
urged the prosecutor to slow down her examination. The prosecutor complied with the
request, and appellant ultimately responded to her question. Throughout the remainder
of the proceedings, appellant had minimal difficulty answering responsively to questions
presented to him. We conclude that this single instance was not sufficient to raise a bona
fide doubt of his competency at trial. 
          Appellant further claims that “evidence of severe memory issues” emerged during
the trial, which constituted evidence of incompetency. Appellant testified that he had been
civilly committed for mental illness as a result of a suicide attempt approximately eleven
days after the offense occurred. He claims that this information had not been previously
disclosed during the examination by Dr. Capitaine. Appellant argues that this sudden
recollection suggests severe memory problems that should have raised a bona fide doubt
in the mind of the trial judge regarding appellant’s competency. 
          Appellant’s contention is without merit. Dr. Capitaine was aware that appellant had
made numerous attempts to commit suicide and had been repeatedly hospitalized for
mental illness. His report noted that Firo had attempted suicide seven to ten times and that
“Mr. Firo admitted that he is having suicidal thoughts (and said) ‘I want to end it all. . . . I
still get the thoughts,’” indicating that appellant reported his suicide attempts and present
suicidal impulses. Dr. Capitaine’s report also noted that appellant’s memory was impaired
and that he refused to complete various memory assessments. This evidence regarding
appellant’s suicide attempts and recent suicidal impulses and memory problems was
therefore already before the judge when this decision was rendered. 
          Through careful examination of appellant and consideration of his psychiatric
history, Dr. Capitaine determined that appellant was competent to stand trial, able to
consult with his attorney and understand the proceedings against him. Evidence of past
mental illness does not necessarily suggest incompetence. See Levya v. State, 552
S.W.2d 158, 161 (Tex. Crim. App. 1977). Accordingly, the mere fact that a memory lapse
may have occurred in the past does not suggest that appellant was incompetent at the time
of trial. See McDaniel, 98 S.W.3d at 712 (“Appellant’s history of mental illness was
insufficient to create a bona fide doubt about his present mental condition, in light of the
more recent psychological evaluation attesting to his mental competency.”). 
          Finally, appellant argues that a post-sentence investigation report prepared by the
Texas Department of Criminal Justice and introduced during the punishment phase of trial
should have prompted a bona fide doubt in the mind of the trial judge that appellant was
incompetent to stand trial. The report notes that appellant claims to hear voices and is
taking medication to prevent this.
          However, evidence introduced at the punishment phase regarding appellant’s
auditory hallucinations would have provided no new information to the trial judge so as to
raise a bona fide doubt of appellant’s competency. Dr. Capitaine specifically mentioned
appellant’s auditory hallucinations in his report. He reported that “Medications are having
moderate success in controlling auditory hallucinations. [Appellant] recognizes the voices
as hallucinations and is able to ignore them.” This evidence had been explicitly raised and
considered in determining appellant’s competency prior to trial, and its repetition during trial
did not alter the conclusion already reached. Accordingly, we find that the trial judge did
not abuse her discretion in deciding not to conduct a section 2(b) competency hearing, as
no bona fide doubt as to competency was raised by evidence at trial. We overrule
appellant’s second issue.
C. Fine
          By his third issue, appellant argues that the $10,000 fine imposed by the trial court
was improper. The State concedes that the trial judge improperly administered the fine. 
Such a fine is unauthorized by the applicable penal statute. See Tex. Pen. Code §
12.42(d) (Vernon Supp. 2004). Accordingly, the judgment must be modified so as to
exclude the fine. Tex. R. App. P. 43.2(b).
IV. Disposition
           The trial court’s judgment is hereby modified to exclude the $10,000 fine. The trial
court’s decision is affirmed as modified. 
                                                     
                                                                                      _____________________
                                                                                      DORI CONTRERAS GARZA,
                                                                                      Justice
 
Do not publish.
Tex.R.App.P. 47.2(b)
Memorandum Opinion delivered 
and filed this the 30th day of August, 2004.