# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-09-00124-CR

**Lee Roy Bara, Appellant**

**v.**

**The State of Texas, Appellee**

## FROM THE DISTRICT COURT OF MCCULLOCH COUNTY, 198TH JUDICIAL DISTRICT NO. 4866, HONORABLE EMIL KARL PROHL, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Appellant Lee Roy Bara pleaded guilty to committing the offense of driving while intoxicated. Punishment was assessed at three years' imprisonment, but the district court suspended imposition of the sentence and placed Bara on community supervision for a period of three years. The State subsequently filed a motion to revoke probation, which the district court granted. Appellant was then sentenced to two years' imprisonment. In a single point of error, Bara asserts that the district court abused its discretion prior to the revocation hearing by not conducting an informal inquiry into Bara's competency to stand trial. We will affirm the judgment.

### STANDARD AND SCOPE OF REVIEW

A person is incompetent to stand trial if the person does not have either a sufficient present ability to consult with the person's lawyer with a reasonable degree of rational understanding or a rational as well as factual understanding of the proceedings against the person.

Tex. Code Crim. Proc. Ann. art. 46B.003(a) (West 2006). If evidence suggesting that the defendant may be incompetent to stand trial comes to the attention of the court, the court must raise the competency issue on its own motion and determine by informal inquiry whether there is some evidence from any source that would support a finding that the defendant may be incompetent to stand trial. *Pitonyak v. State*, 253 S.W.3d 834, 855 (Tex. App.—Austin 2008, pet. ref'd) (citing *id*. art. 46B.004(b), (c) (West 2006)). An informal competency inquiry is required only if the evidence brought to the court's attention raises a "bona fide doubt" in the court's mind about the defendant's competency to stand trial. *See Montoya v. State*, 291 S.W.3d 420, 425 (Tex. Crim. App. 2009); *McDaniel v. State*, 98 S.W.3d 704, 710 (Tex. Crim. App. 2003). "A bona fide doubt may exist if the defendant exhibits truly bizarre behavior or has a recent history of severe mental illness or at least moderate mental retardation." *Montoya*, 291 S.W.3d at 425. "The considerations when evaluating competency to stand trial include the defendant's level of understanding of the proceeding and ability to consult with counsel in preparation for the proceeding." *Id*. at 425-26. Moreover, the focus of the statute is on the defendant's "present ability" to stand trial. *See id*. at 425. Accordingly, past instances of depression and other mental-health issues "raise the issue of incompetency only if there is evidence of recent severe mental illness, at least moderate retardation, or bizarre acts by the defendant." *Id*.

We review a trial court's decision not to conduct a competency inquiry for abuse of discretion. *Id*. at 426. "An appellate court does not substitute its judgment for that of the trial court, but rather determines whether the trial court's decision was arbitrary or unreasonable." *Id*. This

2

is because the trial court, which observes first-hand the behavior of the defendant, is "in a better position to determine whether [the defendant] was presently competent." *Id*.

**ANALYSIS**

On January 13, 2009, the day of the revocation hearing, Bara's counsel filed a "motion raising competency to stand trial." In the motion, counsel alleged the following:

> The basis for this Motion is that counsel for the Defendant was informed on January 12, 2009 that the mother-in-law of the Defendant had stated that day to a third party that the Defendant had ceased taking his psychiatric medications and that as a result, the Defendant's mental status was of such a nature as to seriously raise a question in counsel's mind as to the competence of the Defendant.

No additional details were provided, and no affidavit was attached to the motion.

Before the revocation hearing began, counsel provided the district court with additional information regarding the motion. Counsel advised the court that Bara "takes regular medications for paranoid schizophrenia and bipolar disorder." The day before the revocation hearing, counsel explained, he was informed by Bara's bail bondsman that Bara's mother-in-law (who, according to counsel, works for the bondsman as a housekeeper) told the bondsman that Bara had stopped taking his medications "a couple of months ago" on advice of a relative. As a result, counsel asserted, Bara was "just plain crazy, that he basically slept 23 out of 24 hours a day or something along that line, very erratic behavior." "[O]ut of an abundance of caution," counsel concluded, "I prepared and filed this motion this morning."

Counsel explained that he was unable to subpoena Bara's mother-in-law, Loretta Williams, in time for the hearing. However, counsel claimed that he had one witness

3

available, Bert Striegler, "who . . . has known Mr. Bara for some period of time and can testify in a general sense to his current mental status."

In response, the State argued that "the motion itself is based on hearsay [within] hearsay" and claimed that Bara's mental status had "never been an issue" during his period of supervision. The State added that if it believed Bara's competence "was an issue at all, then we would, you know, agree to have it checked out," but the State did not "see any basis for the motion."

The district court denied the motion, and explained its reasoning as follows:

> Well, I think the record should reflect that this Court and this Judge has been dealing with Mr. Bara for in excess of ten years. It's probably closer to 18 years that he's regularly appeared in Court and absolutely has never raised an issue about competency. Never raised an issue about any diagnosis for mental illness. Never said anything about taking medicine. The Court has accommodated him to let him have surgery when he needed surgery, and all this and every time we got ready to go to trial, we've had something come up about his physical condition and never about his mental condition.
>
> He's been in Court as recently as last month. There was nothing brought up about competency to stand trial. I think the motion is a frivolous motion, and I'm going to deny your motion and proceed to trial this morning.

The revocation hearing then began.

During the hearing, after the State presented evidence tending to show that Bara had violated the terms of his community supervision, Bara called Striegler to testify on his behalf. Striegler testified that Bara had worked for him on a construction project in 2006. The following testimony was elicited concerning Bara's mental status:

Q:    How would you describe his mental status as we sit here today or stand here today?

4

A:      Well—

Q:      Not as an expert, but just—

A:      Yeah.  I'm not a doctor.  I don't think he's quite up to speed lately compared
        to the way I knew him when he worked with us down there.  He was much
        quicker then and much more into what he was doing then, but then I might
        have been, too, because I've aged since then.

Q:      I understand.

A:      But I don't think he's quite as sharp as he was at the time.

At the close of evidence, the district court returned to the subject of Bara's competence.  First, the district court corrected its earlier statement concerning the absence of a diagnosis in Bara's medical history and took notice of hospital records from 2004 and 2005 in Bara's file.  According to the district court, the records "showed that Mr. Bara did have manic depression and major depression.  There is no reference to paranoid schizophrenia or any kind of schizophrenia in the medical records, and this . . . was in 2004 that the notes were dated. . . .  I'm going to correct that because I previously said it had not been raised, but apparently [prior counsel] . . . released the medical records and they've been presented."  The district court also observed that Bara had been prescribed "Antabuse and antidepressants" at the time of his diagnosis.  The district court then proceeded to inquire into Bara's medical history and his competence:

The Court:          What do you have surgery for?  You said you had surgery
                    scheduled.

The Defendant:      Sinus surgery. . . .

The Court:          Is that at the VA?

5

The Defendant:       The VA is going to have it privately done outside the VA . . . .

The Court:           Do you go to San Antonio to VA or to Kerrville?

The Defendant:       San Antonio. Kerrville. I got copies of all the medical records and medication and diagnoses that are up to date. I've been visiting Dr. Shaw. They put me on schizophrenia medication, but it was too strong.

The Court:           Well, there's nothing to show that you've been diagnosed with paranoid schizophrenia, absolutely nothing.

The Defendant:       This was about a year ago.

The Court:           But you've been coming to Court.

The Defendant:       Yes, sir.

The Court:           I mean you've appeared every time and visited with your attorney, and you understood what he advised you.

The Defendant:       Yes, sir.

The Court:           And you know what his role is?

The Defendant:       Yes, sir.

The Court:           You know what the DA's role is?

The Defendant:       Yes, sir.

The Court:           You know what my role is?

The Defendant:       Yes, sir.

The Court:           And you understand what you're charged with?

The Defendant:       Yes, sir. . . .

On this record, we cannot conclude that the district court abused its discretion in not conducting an informal inquiry into Bara's competence prior to the hearing. As the State observed, Bara's motion was based on hearsay within hearsay. *See* Tex. R. Evid. 802, 805. There was no affidavit attached to the motion. The person who counsel claimed had first-hand knowledge of Bara's behavior, Bara's mother-in-law, was unavailable to testify. The only witness available to testify, according to counsel, could testify only "in a general sense" to Bara's "current mental status." Counsel made no representation that this witness had any first-hand knowledge of Bara's allegedly "erratic behavior."

Citing to *Mata v. State*, 632 S.W.2d 355 (Tex. Crim. App. 1982), Bara asserts that counsel's unsworn statements to the district court are evidence of Bara's incompetence. In *Mata*, the court of criminal appeals stated, in dicta, that "the unsworn statement of the attorney could be evidence [of incompetence] if the statement of the attorney raised a bona fide doubt as to the defendant's competence." *Id*. at 358. However, the court also observed that "[e]vidence raising a bona fide doubt is evidence that causes a real doubt in the judge's mind as to the defendant's competency." *Id*. In this case, the district court would not have abused its discretion in finding that counsel's statements did not rise to that level. Counsel did not claim that he had first-hand knowledge that Bara had stopped taking his medications or that Bara was acting "erratically." Rather, counsel represented that this information was reported to him by Bara's bail bondsman, who had been told this information by Bara's mother-in-law. Moreover, the extent of Bara's allegedly "erratic" behavior, according to counsel, was Bara sleeping for "23 out of 24 hours a day." The district court would not have abused its discretion in finding that such conduct, even if true,

7

did not rise to the level of "truly bizarre behavior," "severe mental illness," or "moderate mental retardation." *See Montoya*, 291 S.W.3d at 425.

We reach the same conclusion considering the additional evidence presented after the district court denied the motion. Streigler testified that Bara was not "quite as sharp" as he used to be, but the district court would not have abused its discretion in finding that this testimony does not raise a "bona fide doubt" about Bara's competence to stand trial. And, even though hospital records revealed that Bara had been diagnosed several years earlier with manic depression and had been prescribed antidepressants, the district court would not have abused its discretion in finding that Bara was not currently suffering from "severe mental illness" such that he would not be competent to stand trial. The district court asked Bara several questions concerning whether Bara understood his attorney's advice, the role of his attorney, the prosecutor, and the district court in the case, and the offense for which Bara was charged. In response to each of the district court's questions, Bara testified that he understood.

On this record, the district court would not have abused its discretion in finding that Bara failed to present evidence raising a "bona fide doubt" about Bara's competency to stand trial. Accordingly, we cannot conclude that the district court abused its discretion in not conducting an informal competency inquiry prior to the hearing.

We overrule Bara's sole point of error.

**CONCLUSION**

We affirm the judgment of the district court.

_____

Bob Pemberton, Justice

Before Chief Justice Jones, Justices Pemberton and Waldrop

Affirmed

Filed:   April 21, 2010

Do Not Publish