TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-09-00124-CR






Lee Roy Bara, Appellant


v.


The State of Texas, Appellee






FROM THE DISTRICT COURT OF MCCULLOCH COUNTY, 198TH JUDICIAL DISTRICT

NO. 4866, HONORABLE EMIL KARL PROHL, JUDGE PRESIDING





M E M O R A N D U M O P I N I O N


 Appellant Lee Roy Bara pleaded guilty to committing the offense of driving while
intoxicated. Punishment was assessed at three years' imprisonment, but the district court suspended
imposition of the sentence and placed Bara on community supervision for a period of three years. 
The State subsequently filed a motion to revoke probation, which the district court granted. 
Appellant was then sentenced to two years' imprisonment. In a single point of error, Bara asserts
that the district court abused its discretion prior to the revocation hearing by not conducting an
informal inquiry into Bara's competency to stand trial. We will affirm the judgment.


STANDARD AND SCOPE OF REVIEW

 A person is incompetent to stand trial if the person does not have either a
sufficient present ability to consult with the person's lawyer with a reasonable degree of rational
understanding or a rational as well as factual understanding of the proceedings against the person. 
Tex. Code Crim. Proc. Ann. art. 46B.003(a) (West 2006). If evidence suggesting that the defendant
may be incompetent to stand trial comes to the attention of the court, the court must raise the
competency issue on its own motion and determine by informal inquiry whether there is some
evidence from any source that would support a finding that the defendant may be incompetent to
stand trial. Pitonyak v. State, 253 S.W.3d 834, 855 (Tex. App.--Austin 2008, pet. ref'd) (citing
id. art. 46B.004(b), (c) (West 2006)). An informal competency inquiry is required only if the
evidence brought to the court's attention raises a "bona fide doubt" in the court's mind about the
defendant's competency to stand trial. See Montoya v. State, 291 S.W.3d 420, 425 (Tex. Crim. App.
2009); McDaniel v. State, 98 S.W.3d 704, 710 (Tex. Crim. App. 2003). "A bona fide doubt may
exist if the defendant exhibits truly bizarre behavior or has a recent history of severe mental illness
or at least moderate mental retardation." Montoya, 291 S.W.3d at 425. "The considerations when
evaluating competency to stand trial include the defendant's level of understanding of the proceeding
and ability to consult with counsel in preparation for the proceeding." Id. at 425-26. Moreover, the
focus of the statute is on the defendant's "present ability" to stand trial. See id. at 425. Accordingly,
past instances of depression and other mental-health issues "raise the issue of incompetency only
if there is evidence of recent severe mental illness, at least moderate retardation, or bizarre acts
by the defendant." Id.

 We review a trial court's decision not to conduct a competency inquiry for abuse of
discretion. Id. at 426. "An appellate court does not substitute its judgment for that of the trial court,
but rather determines whether the trial court's decision was arbitrary or unreasonable." Id. This
is because the trial court, which observes first-hand the behavior of the defendant, is "in a better
position to determine whether [the defendant] was presently competent." Id. 


ANALYSIS

 On January 13, 2009, the day of the revocation hearing, Bara's counsel filed a
"motion raising competency to stand trial." In the motion, counsel alleged the following:


The basis for this Motion is that counsel for the Defendant was informed on
January 12, 2009 that the mother-in-law of the Defendant had stated that day to a
third party that the Defendant had ceased taking his psychiatric medications and that
as a result, the Defendant's mental status was of such a nature as to seriously raise
a question in counsel's mind as to the competence of the Defendant.



No additional details were provided, and no affidavit was attached to the motion.

 Before the revocation hearing began, counsel provided the district court with
additional information regarding the motion. Counsel advised the court that Bara "takes regular
medications for paranoid schizophrenia and bipolar disorder." The day before the revocation
hearing, counsel explained, he was informed by Bara's bail bondsman that Bara's mother-in-law
(who, according to counsel, works for the bondsman as a housekeeper) told the bondsman that
Bara had stopped taking his medications "a couple of months ago" on advice of a relative. As a
result, counsel asserted, Bara was "just plain crazy, that he basically slept 23 out of 24 hours a day
or something along that line, very erratic behavior." "[O]ut of an abundance of caution," counsel
concluded, "I prepared and filed this motion this morning."

 Counsel explained that he was unable to subpoena Bara's mother-in-law,
Loretta Williams, in time for the hearing. However, counsel claimed that he had one witness
available, Bert Striegler, "who . . . has known Mr. Bara for some period of time and can testify in
a general sense to his current mental status."

 In response, the State argued that "the motion itself is based on hearsay [within]
hearsay" and claimed that Bara's mental status had "never been an issue" during his period of
supervision. The State added that if it believed Bara's competence "was an issue at all, then we
would, you know, agree to have it checked out," but the State did not "see any basis for the motion."

 The district court denied the motion, and explained its reasoning as follows:


Well, I think the record should reflect that this Court and this Judge has been
dealing with Mr. Bara for in excess of ten years. It's probably closer to 18 years that
he's regularly appeared in Court and absolutely has never raised an issue about
competency. Never raised an issue about any diagnosis for mental illness. Never
said anything about taking medicine. The Court has accommodated him to let him
have surgery when he needed surgery, and all this and every time we got ready to go
to trial, we've had something come up about his physical condition and never about
his mental condition.


He's been in Court as recently as last month. There was nothing brought up about
competency to stand trial. I think the motion is a frivolous motion, and I'm going to
deny your motion and proceed to trial this morning.



The revocation hearing then began.

 During the hearing, after the State presented evidence tending to show that Bara had
violated the terms of his community supervision, Bara called Striegler to testify on his behalf. 
Striegler testified that Bara had worked for him on a construction project in 2006. The following
testimony was elicited concerning Bara's mental status:


Q: How would you describe his mental status as we sit here today or stand here
today?


A: Well--


Q: Not as an expert, but just--


A: Yeah. I'm not a doctor. I don't think he's quite up to speed lately compared
to the way I knew him when he worked with us down there. He was much
quicker then and much more into what he was doing then, but then I might
have been, too, because I've aged since then.


Q: I understand.


A: But I don't think he's quite as sharp as he was at the time.



 At the close of evidence, the district court returned to the subject of Bara's
competence. First, the district court corrected its earlier statement concerning the absence of a
diagnosis in Bara's medical history and took notice of hospital records from 2004 and 2005 in Bara's
file. According to the district court, the records "showed that Mr. Bara did have manic depression
and major depression. There is no reference to paranoid schizophrenia or any kind of schizophrenia
in the medical records, and this . . . was in 2004 that the notes were dated. . . . I'm going to correct
that because I previously said it had not been raised, but apparently [prior counsel] . . . released the
medical records and they've been presented." The district court also observed that Bara had been
prescribed "Antabuse and antidepressants" at the time of his diagnosis. The district court then
proceeded to inquire into Bara's medical history and his competence:


The Court: What do you have surgery for? You said you had surgery
scheduled.


The Defendant: Sinus surgery. . . .


The Court: Is that at the VA?


The Defendant: The VA is going to have it privately done outside the VA . . . .


The Court: Do you go to San Antonio to VA or to Kerrville?


The Defendant: San Antonio. Kerrville. I got copies of all the medical
records and medication and diagnoses that are up to date. I've
been visiting Dr. Shaw. They put me on schizophrenia
medication, but it was too strong.


The Court: Well, there's nothing to show that you've been diagnosed
with paranoid schizophrenia, absolutely nothing.


The Defendant: This was about a year ago.


The Court: But you've been coming to Court.


The Defendant: Yes, sir.


The Court: I mean you've appeared every time and visited with your
attorney, and you understood what he advised you.


The Defendant: Yes, sir.


The Court: And you know what his role is?


The Defendant: Yes, sir.


The Court: You know what the DA's role is?


The Defendant: Yes, sir.


The Court: You know what my role is?


The Defendant: Yes, sir.


The Court: And you understand what you're charged with?


The Defendant: Yes, sir. . . .



 On this record, we cannot conclude that the district court abused its discretion in
not conducting an informal inquiry into Bara's competence prior to the hearing. As the State
observed, Bara's motion was based on hearsay within hearsay. See Tex. R. Evid. 802, 805. There
was no affidavit attached to the motion. The person who counsel claimed had first-hand knowledge
of Bara's behavior, Bara's mother-in-law, was unavailable to testify. The only witness available to
testify, according to counsel, could testify only "in a general sense" to Bara's "current mental status." 
Counsel made no representation that this witness had any first-hand knowledge of Bara's allegedly
"erratic behavior."

 Citing to Mata v. State, 632 S.W.2d 355 (Tex. Crim. App. 1982), Bara asserts that
counsel's unsworn statements to the district court are evidence of Bara's incompetence. In Mata,
the court of criminal appeals stated, in dicta, that "the unsworn statement of the attorney could be
evidence [of incompetence] if the statement of the attorney raised a bona fide doubt as to the
defendant's competence." Id. at 358. However, the court also observed that "[e]vidence raising a
bona fide doubt is evidence that causes a real doubt in the judge's mind as to the defendant's
competency." Id. In this case, the district court would not have abused its discretion in finding
that counsel's statements did not rise to that level. Counsel did not claim that he had first-hand
knowledge that Bara had stopped taking his medications or that Bara was acting "erratically." 
Rather, counsel represented that this information was reported to him by Bara's bail bondsman, who
had been told this information by Bara's mother-in-law. Moreover, the extent of Bara's allegedly
"erratic" behavior, according to counsel, was Bara sleeping for "23 out of 24 hours a day." The
district court would not have abused its discretion in finding that such conduct, even if true,
did not rise to the level of "truly bizarre behavior," "severe mental illness," or "moderate mental
retardation." See Montoya, 291 S.W.3d at 425. 

 We reach the same conclusion considering the additional evidence presented after the
district court denied the motion. Streigler testified that Bara was not "quite as sharp" as he used to
be, but the district court would not have abused its discretion in finding that this testimony does not
raise a "bona fide doubt" about Bara's competence to stand trial. And, even though hospital records
revealed that Bara had been diagnosed several years earlier with manic depression and had been
prescribed antidepressants, the district court would not have abused its discretion in finding that Bara
was not currently suffering from "severe mental illness" such that he would not be competent to
stand trial. The district court asked Bara several questions concerning whether Bara understood his
attorney's advice, the role of his attorney, the prosecutor, and the district court in the case, and the
offense for which Bara was charged. In response to each of the district court's questions, Bara
testified that he understood.

 On this record, the district court would not have abused its discretion in finding that
Bara failed to present evidence raising a "bona fide doubt" about Bara's competency to stand trial. 
Accordingly, we cannot conclude that the district court abused its discretion in not conducting an
informal competency inquiry prior to the hearing.

 We overrule Bara's sole point of error. 





CONCLUSION

 We affirm the judgment of the district court.



 __________________________________________

 Bob Pemberton, Justice

Before Chief Justice Jones, Justices Pemberton and Waldrop

Affirmed

Filed: April 21, 2010

Do Not Publish